UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re: KEVIN SWEET, SR.
Debtor

CA 05-365 ML

MOTION TO DISMISS APPEAL

The trustee moves that this Court dismiss the within appeal on the grounds that it was not filed in a timely manner in accordance with the Federal Rules of Bankruptcy Procedures.

The reasons why this Court should so act are set forth in the Memorandum filed herewith.

John Boyajian, Trustee
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906
Tel:(401) 273-9600
Fax:(401) 273-9605

CERTIFICATION

I hereby certify that a copy of the within Motion to Dismiss was mailed, postage prepaid, to Kevin E. Sweet, Sr., PO Box 455, Harmony, RI 02829; Edward Lawson, Esq., 260 Lonsdale Ave., Pawtucket, RI 02860 and Office of the US Trustee, 10 Dorrance St., Providence, RI 02903 on March ~~22~~ 23, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re: KEVIN SWEET, SR. CA 05-365 ML
Debtor

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS APPEAL

Kevin and Diane Sweet filed a Chapter 13 bankruptcy petition on June 24, 2004.[1] Mr. and Mrs. Sweet were represented by Edward G. Lawson, Jr., Esq.[2] That case was dismissed, *sua sponte*, by the Court[3] and an Order was submitted to that effect[4]. The Order was by the Bankruptcy Court entered on February 10, 2005[5]. A Notice of Appeal was filed with respect to that Order.[6] That appeal has since been dismissed and a Motion to Vacate denied by this Court.[7]

---

[1] BK-04-12083. A certified copy of docket is attached as Exhibit A. *See* Docket Entry No. 1. The subsequent references to "Docket Entry" are a reference to Exhibit A.

[2] *Id.*

[3] Docket Entry January 26, 2005.

[4] Docket Entry No. 78, January 27, 2005.

[5] Docket Entry No. 79, February 10, 2005.

[6] Docket Entry No. 90, March 21, 2005.

[7] *See* Order, copy attached as Exhibit B.

On June 29, 2005, the debtor filed a "Request for Filing".[8] The Court set a hearing date of July 21, 2005 at 9:30 AM for a hearing on the request.[9] At that hearing, Mr. Sweet did not appear.[10] On July 22, 2005, the Court entered an Order denying the request for filing[11]. On July 29, 2005, Mr. Sweet filed a Motion to Reconsider[12], and on August 5, 2005, the Court entered an Order denying the Motion to Reconsider with prejudice[13] and the Order was entered that same day.[14] On August 22, 2005, Mr. Sweet filed his Notice of Appeal.[15]

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure provides that

> The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.

---

[8] Docket Entry No. 102, June 29, 2005; copy attached as Exhibit C. The Request for Fling was necessary because of the Bankruptcy Court's prior order (since upheld by this Court) that Mr. Sweet needed Bankruptcy Court permission to file another proceeding.

[9] Docket Entry No. 106, July 14, 2005.

[10] Docket Entry July 21, 2005. *See also* transcript filed by Mr. Sweet, copy attached as Exhibit D.

[11] Docket Entry No. 111, July 22, 2005.

[12] Docket Entry No. 118, July 29, 2005.

[13] Docket Entry No. 127, August 5, 2005.

[14] Docket Entry No. 128, August 5, 2005.

[15] Docket Entry No. 130, August 22, 2005. *See also* Notice of Appeal, copy attached as Exhibit E. The Bankruptcy Court file stamp bearing the August 22, 2005 filing date is at the top right hand corner of Exhibit E.

As previously noted, the Order of the Bankruptcy Court which is being appealed was entered on August 5, 2005, but the Notice of Appeal of the Order was not filed until August 22, 2005, 17 days after entry of the Order denying the Motion to Reconsider. As a result, the appeal is not timely and cannot be considered by this Court. *See* Fed.R.Bankr.P. 8002(a). *See also* Williams v. EMC Mortgage Corp. (In re Williams), 216 F.3d 1295, 1298 (11th Cir. 2000) ("The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal.")

CONCLUSION

For the reasons set forth above, the trustee requests that the within appeal be dismissed.

John Boyajian, Trustee
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906
Tel:(401) 273-9600
Fax:(401) 273-9605