UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

IN RE: . Case No. 04-12083

KEVIN SWEET AND DIANE D. SWEET,

. 380 Westminster Street
. Providence, Rhode Island 02903

Debtors.

. July 21, 2005
. 11:41 a.m.

. . . . . . . . . . . . . . . .

TRANSCRIPT OF MOTION HEARING
BEFORE HONORABLE ARTHUR N. VOTOLATO
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For the Trustee: | Boyajian Harrington & Richardson<br>By: JOHN BOYAJIAN, ESQ.<br>182 Waterman Street<br>Providence, RI 02906 |
| For the U.S. Trustee: | Office of the U.S. Trustee<br>By: GARY DONAHUE, ESQ.<br>Room 910<br>10 Dorrance Street<br>Providence, RI 02903 |
| For Mortgage Electronic Registration Systems, Inc.: | Law Offices of Janet Goldman<br>By: JANET GOLDMAN, ESQ.<br>51 Jefferson Boulevard<br>Warwick, RI 02888 |
| Audio Operator: | Joseph Wilkicki |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@optonline.net**

**(609) 586-2311 Fax No. (609) 587-3599**

EXHIBIT
ALL-STATE LEGAL®
D

THE COURT: Go ahead.

MS. GOLDMAN: Your Honor, Janet Goldman for Mortgage Electronic Registration. We are here this morning because Kevin Sweet has filed a request to have another petition filed with the Court, and more --

THE COURT: Let's see, the record should show, I guess, Mr. Sweet's not here. Is that right?

MR. BOYAJIAN: I do not see him, Your Honor.

THE COURT: Anybody seen him this morning? It's now quarter to 12.

MR. BOYAJIAN: I have not.

MS. GOLDMAN: I have not seen him, Your Honor.

THE COURT: Okay.

MS. GOLDMAN: Your Honor --

THE COURT: Mr. Sweet, if you're here, come out, come out where -- no show.

MS. GOLDMAN: Your Honor, Mortgage Electronic Registration has filed an objection to his request. Back on February 10th Your Honor ruled that neither Kevin or Diane Sweet could file another petition without the permission of the Court, and on March 9th the Court found that the Sweets were serial filers.

Your Honor, back on July 28th, 2004, there was a consent order filed that gave to Mortgage Electronic Registration in rem relief in order to foreclose on certain

property. Foreclosure occurred, Your Honor, and the sale of the property occurred on June 29th, 2005, and at the same day, Mr. Sweet filed the request to have the Court hear his request to have another filing. Mr. Sweet is not here, and we would ask that it be denied and also that an order be issued allowing the sale of the property to be recorded.

THE COURT: Thank you.

MR. BOYAJIAN: Your Honor, I also have the request for filing. I believe I indicated to the Court that on July 19th I received by regular mail at my office it appears to be a certification date of July 15th, but July 19th was when I actually received it, a request for additional time to respond to the MERS ruling and for I guess an objection to the request for an expedited hearing on the grounds that Mr. Sweet was out of the country until July 23 and needed additional time to respond to the allegations. My understanding is that that was not filed -- an original of that was not filed with the court, but I have a copy of it. I understand it was in rem relief that was granted.

I can report to the Court only that there was a prior foreclosure sale, which Mrs. Sweet after that filed a Chapter 7 which was then dismissed -- or a Chapter 13, excuse me, which was dismissed by Your Honor with a bar to any refiling without permission of the Court. At that time the property sold, back in June of '04, for $229,000, and I understand the current bid

that has been made was 20 -- $225,000.

My only comments to the Court would be I don't -- I'm not attempting to tell the Court what should be its ruling with respect to in rem relief, but if it's the motion of Electronic Registration System to -- well, I guess it's backwards, Judge, because I don't know that there's any case in which to entertain Mortgage Electronic Registration Systems' motion, but is it not a motion for relief from the stay to go ahead and be able to close on the premises, but yet I'm not sure of the basis for the motion unless Your Honor were to allow the filing in the first instance. I'm not sure I just made sense.

THE COURT: I'll think about it.

MR. BOYAJIAN: But I tried.

THE COURT: Mr. Donahue?

MR. DONAHUE: Good morning, Your Honor. Gary Donahue on behalf of the United States Trustee. The motion we're here on is Mr. Sweet's motion for permission to file. There is no new automatic stay because he does not have your permission to re-file. The consent order which Mr. Sweet entered into with counsel on July 28th, 2004, estops him from filing and getting the automatic stay. It's the only free injunction you get, in American jurisprudence is the automatic stay. He can't get it without your permission, so there is no stay right now. That consent order of 7/28/04 refers back to the earlier order of 8/26/03, which you granted in rem relief as to the subject

property. Interestingly, on the 29th of June, that's the very day that the foreclosure sale happened that Mr. Sweet filed the motion seeking permission. So there is no stay. If you look -- at least the way I read these orders, your earlier order from '03 gave in rem relief as to the property where a foreclosure happened on the 29th of June. Since you haven't given Mr. Sweet the affirmative relief he must get, there is no stay. So he doesn't need to seek relief from -- I don't think the mortgagee needs to seek relief from the automatic stay. The burden is on Mr. Sweet to come forward and show likelihood of success on the merits, irreparable harm, balancing of the interests, public interest. He hasn't done that, nor has he attempted to get a stay pending appeal of the earlier dismissal of this case in which he filed the motion for permission to file again.

That all being said, the motion should be denied because it hasn't demonstrated entitlement to relief in this case. I understand what the mortgagee wants. They want a comfort order. They want you to say, this is what my earlier order meant. I have no problem if you want to issue an order clarifying that your earlier order for relief of August 26th, '03, as modified by the consent order of July 28th, '04, grants them their rights to proceed with the foreclosure. They exercised their rights under loan documents. They have the foreclosure. They just want to record now. Conveniently, Mr.

Sweet is apparently out of the country. I didn't receive a copy of the pleading which Mr. Boyajian mentioned.

THE COURT: Thank you.

MR. BOYAJIAN: That's what I meant to say. Thank you.

THE COURT: Now, Mr. Sweet's absence, plus the Court's knowledge of the Sweet history in this -- these cases and this court, he loses initially by default on his request for filing. In addition to that, based on basically Mr. Donahue's recitation of what he thinks the documents disclose and what the debtor's burden is, et cetera, he loses on the merits also, with prejudice, about as much prejudice as I can pile on there, and I really think that stops the -- where this Court wants to make orders. I think I'll -- we have Mortgage Electronic Registration Systems' objection, which is sustained in essence.

The additional relief that's requested, I'm going to stay away from that mostly to just not hand on a silver platter to Mr. Sweet maybe another toehold to keep his litigation hitting streak going here. So I think probably it's a blessing in disguise for Mortgage Electronics, but I will not, as I said, go along with entering further orders in a closed case. That's looking for trouble. So, the -- your objection is sustained to the request for the -- leave to file papers, and I guess we'll hear again from Mr. Sweet in some form.

MR. BOYAJIAN: Thank you, Your Honor.

MS. GOLDMAN: Thank you, Your Honor.

* * * * *

C E R T I F I C A T I O N

I, DENISE M. O'DONNELL, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, to the best of my ability.

/s/ Denise M. O'Donnell

DENISE M. O'DONNELL

J&J COURT TRANSCRIBERS, INC. Date: March 2, 2006