US BK Court

FILED JUN 15 '04 10:08 USBCRI

Filed

# WRITTEN REQUEST FOR FILING A CHAPTER 13

Now Comes the Debtor, Kevin E. Sweet and requests permission to file a Chapter 13 reorganization.

The Debtor requests this filing due to the fact that:

1. The Debtor is faced with a Foreclosure sale this morning at 10:00 AM.

2. The Debtor has tried unsuccessfully to resolve differences in the payoff of the property and/or the reinstatement payoff figures.

3. The Debtor is co-owner of this property located at 179 Sandy Brook Rd. This property is also where he and his family reside.

The Debtor agreees ~~until~~ with the payments in arears owed to the bank. However, the attoryneys handling the foreclosure have denied the debtor information and validation on the expenses associated with the property, in violation of the fair debt collection practices act. With respect to several items being; inspection fees, legal expense, foreclosure expense, and now new outstanding legal expenses. Totaling $23,769.46.

Again, the Debtor can respect the fact that fees are owed. However, if the Court would Reflect upon the numerous requests by us for proof of claims owed and by the numerous quotes/payoff figures, there is no consistancy.

In fact, the quotes differ, not only in increase but also they have even lowered in cost at times, only to rise the next quote.

4. The debtor has had financing in place several times by private financing. However, when a payoff was request to Shapiro & Kreisman the attorneys handling the foreclosure would jump the price and add expences. The debtor has lost those financial backors.

5. On May 17, 2004 the property was again dated for foreclosure. Again the amount was disputed. Verification of the property inspection $290.25, property preservation $497.50 and all legal expenses. See attached letter/quote dated May 13, 2004. No validation was made.

6. In fact the debtor received a voice message from Susan Cody May 26, 2004 at 11:45 am that she was "waiting for a credit for insurance and would mail the new quote"

7. On May 28, 2004 against better judgment the debtor went to Pacia & Pacia Law Offices, the attorneys representing the gentleman loaning the money to pay off the

EX A

mortgage. Upon arrival to sign the documents and the review of the figures I noticed there was no credit. In fact the price increased from $192,909 to $194,271. This was after I was told I would be credited for Insurance on the property. I would not concur with the added expenses, and called Susan Cody of Kreisman & Shapiro. She had stated earlier in a message on my answering machine that she would continue the sale in two weeks because she was waiting for credit figures. A tape message of her statement is available.

8. After calling her she did not return my call, instead John McNicholas called me from Shapiro & Kreisman on June 1, 2004 at 4:01pm returning my call to Susan Cody. I called her again on June 7, 2004. He returned my call on June 7, 2004 at 1:30pm stating if I wished to discuss my file contact him.

9. On June 8, 2004 I received by mail dated June 7, 2004 a new quote. It was not $192,909 before a credit due for insurance, but now it was $195,967.21. This is $3,057.43 higher. Ms Cody has not returned my call.

10. Foreclosure sale is dated for today at 10:00am. There has been no validation of debt in violation of the Fair Debt Collection Practices Act, number 809 and the inconsistentcies are proof of its own that this creditor is abusing the process.

11. The debtor will be attempting to get a restraining order to prevent the sale, but is open and requesting protection of the automatic stay provided by this court to prevent the abuse by this creditor.

CONCLUSION

The debtor comes to this court for protection under the bankruptcy rules. He also comes to this court after all avenues persued are exhausted.

To protect the asset and home where he resides with his family.

The debtor has at most $10,000 to 15,000 in consumer debt. The property is valued at $318,000.

If the debtor is not allowed to receive protection he will have irreparable damage by the hand of this creditor.

Respectfully Submitted,

Kevin E. Sweet

6-14-04