# LEONELLI & VICARIO, LTD.

**PUBLIC ACCOUNTANTS**
Paul M. Vicario, C.P.A., M.B.A., M.S.T.
Denise A. Cabral, C.P.A., M.S.T.

August 20, 1998

Mr. Paul Levesque
Internal Revenue Service
60 Quaker Lane
Warwick, RI   02886

RE: Kevin Sweet
    SS#

Dear Mr. Levesque:

I am writing to confirm our conversation on August 18, 1998 regarding the above named taxpayer.

You said that you had finally reviewed the file of Kevin Sweet and there are some changes that need to be made. You also said that I will receive a new Income Tax Examination Changes Report in one week. This will be the third report that you will issue regarding this case. When we spoke on July 31, 1998 regarding the second Income Tax Examination Changes Report you said I would receive supporting documents within one week for income that you accused the taxpayer of embezzling. I have requested this documentation several times and still have received no documentation. I take your allegation that the taxpayer embezzled $516,427. very seriously. Again, if you have any documents that show where the taxpayer embezzled money I think the taxpayer deserves the right to see any documents (ie. bank account, mutual fund, etc.) showing where he embezzled money from. Again, I never received any documents relating to this matter.

In regards to the rental income that you calculated, Mr. Sweet had given you the potential rental income of each property on a per unit basis. He also gave you documentation including rent receipts that he used to calculate the rental income that he received. This amount was reported on his income tax returns for 1993, 1994 and 1995. I also provided you with rent receipts signed by Gerald Cote where he collected rental income and copies of Gerald Cote's bank statements where he deposited the money into his bank account. By looking at your Income Tax Examination Changes Report dated 7/31/98 it appears that this information that was provided to you was completely ignored and not taken into consideration during this audit.


Ex B

You also stated in your Income Tax Examination Changes Report dated 7/31/98 that there was a "systematic pattern of physical and mental abuse perpetrated against Mr. Cote by Mr Sweet and as a result Mr. Sweet was able to cause Mr. Cote to transfer all of his savings and investments to him, obtain mortgages on various properties which Mr. Sweet retained, diverted rental income for his own use and lived free in one of Mr. Cote's properties". You provided absolutely no documentation that any of these statements is true "even through I have requested this documentation several times since our original meeting on 3/3/98.

You also listed several bank accounts and mutual fund accounts that belonged to Mr. Cote that you accused Mr. Sweet of stealing money out of. However, you failed to provide any documentation showing how Mr. Sweet stole money out of Mr. Cote's accounts. Again, I have been requesting this documentation since our original meeting on 3/3/98.

To conclude, if Mr. Sweet embezzled any money from Mr. Cote I would appreciate if you would send me copies of any documents showing where Mr. Sweet took possession of such funds. If he did take possession of those funds then there would be NO REASON to meet on this case because Mr. Sweet would owe the tax on those funds.

I look forward to hearing from you within the next week so we can resolve this matter.

Sincerely,


PAUL M. VICARIO, CPA

PMV/jm

cc: Deborah M. Nolan, District Director
    Internal Revenue Service
    135 High Street
    Hartford, CT    06103