UNITED STATES DISTRICT COURT
FOR DISTRICT OF RHODE ISLAND

IN; KEVIN E SWEET CA 05-365

APPELLANTS RESPONSE AND OBJECTION TO THE TRUSTEES MOTION TO DISMISS THE APPEAL

NOW COMES THE APPELLANT, KEVIN E SWEETAND RESPECTFULLY OBJECTS TO THE TRUSTEE JOHN BOYAJIANS MOTION TO DISMISS AND RESPONDS WITH FULL DISCLOSURE OF ACTUAL FACTS TO THE TRUSTEES MEMORANDUM OF LAW.

THE REASON WHY THE COURT SHOULD DENY THE TRUSTEES MOTION TO DISMISS ARE SET FORTH IN THE APPELLANTS FACTS OF TRAVEL OF THIS CASE.

APRIL 2, 2006

KEVIN E SWEET
APPELLANT

CERTIFICATION

I KEVIN E SWEET HEREBY CERTIFY I PLACED IN REGULAR US MAIL A COPY OF THE WITHIN TO JOHN BOYAJIAN 182 WATERMAN AVE PROVIDENCE RI AND THE US TRUSTEE 10 DORRANCE ST PROVIDENC

UNITED STATES DISTRICT COURT
FOR DISTRICT OF RHODE ISLAND

IN; KEVIN E SWEET CA 05-365

RESPONSE TO TRUSTEES MOTION TO DISMISS

FACTS OF TRAVEL

I DON'T KNOW THE PURPOSE OF THE BOYAJIAN MEMORANDUM OF THE 2OO4 FILING BUT SINCE WE ARE HERE , BEING ACCURATE WITH AND DISCLOSING ALL THE FACTS, KEVIN E SWEET FILED ON JUNE 15, 2004 HIS REQUEST FOR FILING TO BLOCK THE ILLEGAL FORCLSURE SALE OF HIS FAMILY HOME SEE ATTACHED EXHIBIT A, NOT DIANE AND KEVIN SWEET, DIANE WAS NOT ON THAT REQUEST. ATTY EDWARD LAWSON WAS RETAINED BY THE DEBTOR KEVIN E SWEET AND AT A HEARING ON THAT REQUEST FOR FILING, AT THAT HEARING FOR REASONS UNKNOWN AND NEVER DISCUSSED PRIOR TO , MR LAWSON THREW HIS WIFES NAME INTO THE CASE. THAT REQUEST FOR FILING WAS GRANTED.

FURTHER DOWN THE LINE MAKING A $2200—PER PLAN PAYMENT A MONTH AND ALL POST PETITION PAYMENTS TO THE MORTGAGE CO. APROIMATELY 7 MONTHS INTO THE CH 13, WITH ALL CREDITORS BEING PAID 100%. THE TRUSTEE INFORMED THE COURT THAT THE IRS WAS GOING TO FILE A CLAIM FOR OVER $92,000--.

THE DEBTOR DENIED THOSE CLAIMS, AND ACCORDINGLY THE DEBTORS ACCOUNTANT TESTIFIED IN HEARING TO THE COURT.

THE DEBTORS COUNCIL REFUSED TO FILE AN OBJECTION TO THE CLAIM STATING IT WOULD BE FASTER TO RESOLVE THE ISSUE WITH THE IRS WITHOUT IT.

THE DEBTOR HAS HAD AN ON GOING PROBLEM WITH THE IRS SINCE 1996 WHEN MR BOYAJIAN WAS REPRESENTING MR SWEETS FORMER PARTNER. ATTACHED IS AN IDEA OF SOME OF THE ALLEGATIONS PUT FORTH BY THE IRS CLAIMS IN EXCEES OF $500,000--, SEE EX B . LATER ON IN 1999 ALL OF THOSE CLAIMS PUT FORTH BY THE IRS WERE ALSO WITHDRAWN AND IN FACT THE DEBTOR RECEIVED OVER $7000—IN REFUNDS, ALSO ON THE EVE OF TRIAL. AS THE SAME WITH MY FORMER PARTNER HIRING MR BOYAJIAN TO REPRESENT HIM IN A MASSIVE ADVERARY PROCEEDING AGAINST KEVIN E SWEET, THE CRIMINAL ALLEGATIONS OF THE ACTION WERE DISMISSED BY THE JUDGE AND MR BOYAJIAN FINALLY WITHDREW THE ACTION AGAINST KEVIN SWEET THE DAY OF TRIAL.
IN THIS PETITION THE JUDGE VOTOLATO WAS ADDIMANT ON THE DEBTOR TO THE DEBTOR RESOLVING THAT CLAIM EVEN THOUGH THE DEBTOR HAS ALWAYS PREVIALED ON 7 YEARS OF CLAIMS PREVIOUS BEFORE HIS COURT. THE PETITION WAS DISMISSED ON JANUARY 26, 2005 AFTER HEARING . THE JUDGMENT ENTERED ON FEBRUARY 10, 2005

THE JUDGE WANTED THE DEBTOR TO RESOLVE THE MATTER WITH THE IRS OR FACE DISMISSAL OF THE PETITION, THE ONLY WAY TO RESOLVE THOSE PROBLEMS WOULD BE TO GIVE UP HIS TAX PAYER RIGHTS AND CONCUR WITH THE FALSE CLAIM OF OVER $92,000--. IRONICALLY THE IRS SENT MR SWEET 8 DAYS AFTER DISMISSAL OF THE BANKRUPTCY PETITION A REFUND CHECK FOR ONE OF THE YEARS 2000 IN THEAMOUNT OF $1320--,COPY ATTACHED EX C. THE DEBTOR HAS SINCE FILED A PETITION IN FEDERAL TAX COURT FOR THE FALSE CLAIMS. SEE ATTACHED EX D.

FROM THAT DISMISSAL OF THE PETITION CAME AN ORDER SUBMITTED BY NON OTHER THAN MR BOYAJIAN STATING THAT DIANE SWEET WAS NOW BARRED FROM FILING, WHICH SHE HAD NEVER EVEN APPEARED AT ANY COURT HEARINGS EXCEPT THE 341 AND THERE HAD NEVER BEEN ANY MENTION OF DIANE SWEET, SHE WAS ATTACHED BY NAME ONLY, SHE WAS BOUGHT INTO THE CASE BY MR LAWSON WHO DID NOT EVEN CONTEST THE ORDER. IT WAS ONLY WHEN I RECEIVED IT , HAD TO FILE PRO SE, THE MOTION FOR A CORECTIVE ORDER AND THAT WAS ALSO DENIED WITHOUT A HEARING. WHICH IS THE SUBJECT ON ANOTHER APPEAL IN THIS COURT 05-119.

THE ORDER SUBMITTED BY MR BOYAJIAN DID NOT ACTULLY REFLECT WHAT WAS ORDERED AT THAT HEARING. THE ISSUE OF DIANE SWEET BEING BARRED WAS NEVER AN ISSUE AT ANY HEARING AT THAT COURT EVER. THAT ORDER IS ERONEOUS AND SHOULD NOT HAVE BEEN ISSUED BY THE COURT. THERE HAS BEEN NO HEARING ON THE MERITS OF THIS APPEAL, THERE WAS RESPONCES FILED BY MR BOYAJIAN AND DEBTORS FORMER COUNCIL MR LAWSON. THE DEBTORS HAVE PEDING TO VACATE THAT ORDER A MOTION FOR THE COURT TO GRANT THAT MOTION BECAUSE IT WAS UNAPPOSED BY MR BOYAJIAN, THE APPELLEE, PERSUANT TO RULE 9013-2 (a) (1) AND APPELLANTS RESPONSE WAS FILED SIMUTANIOUSLY WITH THAT MOTION.

NOW ON ISSUE WITH THE CURRENT MATTER AND SUBJECT OF THIS APPEAL.

ON JUNE 29, 2005 THE DEBTOR DID FILE A REQUEST FOR FILING, THE DEBTOR LEFT THE COUNTRY ON JULY 16, 2006 THROUGH JULY 23, 2006.

WHILE OUT OF THE COUNTRY, THE COURT ESSENTIALLY ENTERTAINED AN *EXPARTE* HEARING , ON JULY 14, 2006 THE COURT GRANTED AN EXPEDITED HEARING BY MERS MORTGAGE CO AND THEIR OBJECTION TO THE DEBTORS REQUEST FOR FILING. NOTICE WAS MAILED TO THE DEBTOR ON JULY 16, 2006 NATURALLY THE DEBTOR DID NOT GET NOTICE TILL HE RETURNED AFTER JULY 23, 2006.

AGAIN THE COURT WAS NOTICED BY THE DEBTOR IN HIS RESPONSE TO THE MOTION FOR AN EXPEDITED HEARING AND REQUEST FOR TIME TO RESPON TO THE MERS OBJECTION, SEE ATTACHED EXHIBIT E, STAMPED RECEIVED JULY 20, 2006

THE HEARING WAS SCHEDUALED FOR JULY 21, 2006, EVEN THOUGH THE COURT NEW THE DEBTOR WAS OUT OF THE COUNTRY FROM JULY 16, 2006 THROUGH JULY 23, 2006.

THAT THE COURT SHOULD HAVE AT THAT POINT ATTEMPTED TO SEE IF I WAS PROPERLY NOTICED OF THE EXPEDITED HEARING, IF THEY HAD THEY WOULD HAVE REALIZED JULY 16, 2006 THE MAILING DATE OF CERTIFICATION , I WAS GONE BEFORE THE NOTICE OF HEARING WAS EVEN SENT.

THE COURT HAD THE HEARING ANYHOW, THE TRUSTEE FURTHER INFORMED THE JUDGE HE RECEIVED NOTICE FROM ME BEING OUT OF THE COUNTRY AND MY REQUEST FOR TIME TO RESPOND, AND OBJECTION TO AN EXPEDITED HEARING WHICH HAD OBJECTION DEADLINES TO JULY 25, 2006, BUT THE HEARING WENT FOREWARD WITHOUT ME, AND ACCORDING TO THE TRANSCRIPT OF THAT HEARING THE COURT DENIED THE REQUEST FOR FILING BY DEFAULT.

THE DEBTOR SHOULD HAVE BEEN PROPERLY NOTICE AND AFFORDED HIS RIGHT TO A HEARING ON HIS REQUEST FOR FILING AND STAY PROTECTING HIS PROPERTY. THIS COURT ESSENTIALLY STRIPPED THE DEBTOR OF HIS RIGHT TO THE AUTOMATIC STAY (INJUNCTIVE RELIEF) IN 2003. THE DEBTOR REQUESTED A HEARING ON THAT ORDER AND WAS SIMPLY DENIED.

NOW THEY HAVE BECOME JUDGE AND JURY AND HAVE DENIED THE DEBTOR HIS RIGHT TO BE ADEQUATELY NOTICED AND HEARD, DENYING THE DEBTOR ACCESS TO THE COURT AND HIS RIGHTS TO THE BANKRUPTCY SYSTEM, DENYING THE DEBTOR CERTAIN THOSE RIGHTS AT AN *EXPARTE* HEARING, WHILE DEBTOR WAS OUT OF THE COUNTRY.

ACCORDINGLY, ON JULY 29, 2006 UPON RETURN FROM OUT OF THE COUNTRY AND SEEING WHAT HAD TRANSPIRED WHILE I WAS GONE, THE DEBTOR FILED A MOTION FOR A NEW HEARING AND MOTION FOR STAY PENDING HEARING, THOSE MOTIONS WERE NEVER HEARD EITHER, BUT INSTEAD THE COURT REQUESTED POSITIONS OF MR BOYAJIAN THE MORTGAGE CO AND THE US TRUSTEE, LIKE HAVING THE FOX WATCH THE HEN HOUSE, NATURALLY BOTH MOTIONS WERE DENIED AUGUST 5, 2006 AGAIN WITH NO HEARING.

THE DEBTOR UPON NOTICE OF THE DECISION SIMPLY APPEALED THAT ORDER BEFORE THE ENTRY OF JUDGMENT, THE ENTRY OF JUDGEMENT WAS NOVEMBER 28, 2005 SEE ATTACHED EXHIBIT F.

RULE 8OO2

“SAME PARAGRAPH AS MR BOYAJIANS QUOTE”

… A NOTICE OF APPEAL FILED AFTER THE ANNOUNCEMENT OF A DECISION OR ORDER BUT *BEFORE ENTRY OF JUDGEMENT* , ORDER OR DECREE *SHALL BE TREATED AS FILED AFTER SUCH ENTRY AND ON THE DAY THEREOF.*

FOR THESE REASON SET FORTH WITHIN , THE DEBTOR OBJECTS TO THE TRUSTEES MOTION TO DISMISS, AND RESPECTFULLY REQUESTS THIS COURT DENY THE TRUSTEES MOTION TODISMISSTHE APPEAL AND TO REMAND THIS CASE BACK TO THE BANKRUPTCY COURT FOR A HEARING ON HIS ORIGINAL REQUEST FOR FILING DATED JUNE 29, 2005.

KEVIN E SWEET
PO BOX 455
HARMONY RI 02829