UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re Kevin Sweet and Diane D. Sweet,

Debtors.

C.A. No. 05-365ML

# ORDER

Debtor, Kevin Sweet ("Debtor"), has appealed the Bankruptcy court's denial of his request to seek permission to file a new bankruptcy petition. This matter is before the Court pursuant to the Trustee's motion to dismiss Debtor's appeal. For the reasons set forth below, the Trustee's motion is DENIED.

Debtor is subject to an earlier order of the Bankruptcy court which requires Debtor to obtain prior permission from the Bankruptcy court before he may file a new bankruptcy petition. On June 29, 2005, Debtor filed a "request for filing" which was denied by the Bankruptcy court on July 22, 2005. Debtor filed a motion to reconsider[1] the denial on July 29, 2005. That motion was denied on August 5, 2005. Debtor filed a notice of appeal on August 22, 2005. A judgment was entered on October 28, 2005. The sole basis for the Trustee's motion to dismiss is that Debtor filed his appeal out of time.

[1]The motion was captioned "Debtors [sic] motion for new hearing on the Debtors [sic] request for filing dated July 29, 05."

"A bankruptcy court is required to enter a separate judgment for every final disposition." In re Schimmels, 85 F.3d 416, 420 (9th Cir. 1996); see also Fed. R. Bank. P. 9021; see generally In re Smith Corset Shops, Inc., 696 F.2d 971 (1st Cir. 1982). The purpose of the separate judgment rule is to clearly define the time period in which a party has to file an appeal. In re Schimmels, 85 F.3d at 421. "A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof." Fed. R. Bank. P. 8002(a). The advisory committee notes provide that the rule was amended in 1991 to "conform to" Fed. R. App. P. 4(a)(2) "which is designed to avoid the loss of the right to appeal when a notice of appeal is filed prematurely." Id. at Advisory Committee Notes 1991 Amendment. Fed. R. Bank P. 8002 and Fed. R. App. P. 4(a) should be interpreted in the same manner. In re Arrowhead Estates Development Co., 42 F.3d 1306, 1311 (9th Cir. 1995); see generally In re The Joseph Investment Group, L.L.C., No. Civ. 04-40236, 03-33126, 2005 WL 2010205 (E.D. Mich. Aug. 16, 2005). Where a notice of appeal was filed prematurely "as no judgment had yet been entered" the First Circuit has held that, with respect to Fed R. App. P. 4(a)(2), the prematurely filed notice of appeal related "forward to the date of entry of the final judgment." Negron Gaztambide v. Hernandez Torres, 145 F.3d 410, 414 (1st Cir. 1998), cert. denied, 525 U.S. 1149 (1999).[2]

Since judgment on this matter was not entered until October 28, 2005, Debtor's notice of appeal was premature. According to Fed. R. Bank. P. 8002(a), Debtor's notice of appeal is deemed to have been filed after the judgment entered and on the same day. Debtor's appeal was

---

[2]This Court is cognizant of the fact that some courts treat "a short order that clearly constitutes a final decision [as one which] meets the separate judgment rule." In re Schimmels, 85 F.3d at 421. Here, however, taking into consideration Debtor's pro se status, this Court deems it more prudent to rule on the merits of Debtor's appeal.

therefore, timely filed. For this reason, the Trustee's motion to dismiss is DENIED.

Debtor shall file his brief on this matter on or before May 2, 2006. Debtor's brief shall be no more than seven pages. The Trustee's response shall be no more than seven pages and is due on or before May 15, 2006.

SO ORDERED:

Mary M. Lisi

Mary M. Lisi
United States District Judge
April 18, 2006