UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE: KEVIN E SWEET 05-365ML

DEBTORS BRIEF REGUARDING APPEAL OF " THE DEBTORS REQUEST FOR FILING".

STATEMENT OF CASE HISTORY

THIS APPEAL INVOLVES A CH 13 FILING BY KEVIN E SWEET ON JUNE 29, 2005 @ 9:22 AM, BEFORE A CSCHEDUALED FORCLOSURE SALE OF THE DEBTORS HOME.

I BELIEVE IT IS NECESSARY TO AGAIN REITERATE HOW MR SWEET WAS BOUGHT INTO THE BANKRUPTCY COURT SYSTEM, THE INVOLVMENT OF MR BOYAJIAN FIRST AS COUNCIL TO MR SWEETS FORMER PARTNER AN THEN AS EMPLOYED COUNCIL IN THE PROCECUTION OF THE ADVERSARY PROCEEDING FILED BY HIM AGAINST MR SWEET.

THE HARM AND DESTRUCTION THE EVENTUATED FROM MR BOYAJIANS ACTIONS AND THE BANKRUPTCY COURTS GROSS INJUSTICES DURING THE PAST 10 YEARS , WHICH HAD CAUSED THE NECESSITY OF THE NUMEROUS FILINGS BY THIS DEBTOR TO SALVAGE THE RESIDUE OF HIS ASSETS DESTROYED UNDER THE EYE OF THE BANKRUPTCY COURT AND MR BOYAJIAN.

ALMOST 10 YEARS AGO, ON NOVEMBER 5, 1996 MR SWEET WAS SERVED A SUMMONS AND NOTICE OF ADVERSARY PROCEEDING BY MR BOYAJIAN AS COUNCIL ON BEHALF OF HIS PREVIOUS PARTNER .

MR SWEET AT THAT TIME HAD JUST ENDED ANOTHER PREVIOUS LEGAL ASSAULT IN SUPERIOR COURT BY THAT PARTNER, WHICH ENDED IN A BUYOUT AGREEMENT/ORDER IN FAVOR OF MR SWEET, SIGNED BY MR SWEET HIS FORMER PARTNER AND JUDGE SILVERSTIEN.

PRIOR TO MR BOYAJIANS ADVERSARY ACTION IN BANKRUPTCY COURT MR SWEET WAS PARTNERS IN OWNERSHIP OF SEVERAL PROPERTIES; 11 ROOSEVELT ST (7 UNITS), 21 OTTOWA ST (5 UNITS), 98-108 ROBERT ST (6 UNITS), 128 BENOIT ST (2 UNITS) 62-64 FIUME ST (3 UNITS), AND THE SOLE OWNER OF 54 NEWLONDON AVE A COMMERCIAL BUILDING (2 UNITS). ALL OF THESE PROPERTIES WERE PURCHASED WITH LITTLE OR NO MONEY DOWN DUE TO THE EXTENCIVE RENOVATIONS NECESSARY TO REHABILITATE THE PROPERTIES.

MR SWEET, THROUGH HIS OWN PHYSICIAL EFFORTS AND MOST MONEY CREATED FROM THE INCOME PRODUCED BY THE RENTS OF THE PROPERTIES AFTER RENOVATIONS BY SWEET AND HIS CONSTRUCTION BUSINESS FACILITATED THE PROGRESS AND SUCCESS OF THE PROPERTIES. COPIES PICTURES OF THOSE PROPERTIES ARE INCORPORATED HERETO.

SIMULTANIOUSLY WITH ADVERSARY FILED BY MR BOYAJIAN, THE IRS NOW BECAME INVOLVED IN THE ESCAPADE, SEEKING OVER $500,000.–. AGAIN WITH THE SAME FALSE CLAIMS AS ALLEDGED IN MR BOYAJIANS COMPLAINT.

THE ADVERSARY AND BANKRUPTCY ACTIONS FILED IN BANKRUPTCY COURT APPOINTED MR GREGORY HAMILTON AS TRUSTEE AND EMPLOYED MR BOYAJIAN AS COUNCIL EVEN THOUGH AN OBJECTION WAS FILED BY SWEET. NEEDLESS TO SAY NOW ALL OF THS SWEET PROPERTIES WERE IN THE CONTROL OF MR BOAJIAN AND THE TRUSTEE MR HAMILTON, TO BE HELD IN TRUST AND PROTECTION OF THE BANKRUPTCY COURT.

THE ASSETS DETERIORATED AND WERE DESTROYED UNDER THE EYE OF THE BANKRUPTCY COURT, THE BANKRUPTCY COURT REFUSED TO ALLOW MR SWEET INTO HIS PROPERTIES AGAIN DUE TO THE INFLUENCE OF MR BOYAJIAN.

TO ADD INSULT TO INJURY, SOMETIME DURING THIS CASE WHERE MR BOYAJIANS ACTION WAS IN SUIT WHERE BOYAJIAN HAD MR SWEETS PROPERTIES TIED UP, THE ROBERT ST PROPERTY (6UNITS) WENT UP IN FLAMES, BURNED BY FIRE, OVER $93,000—IN DAMAGE. NATURALLY MR BOYAJIAN TRIED TO DIRECT THAT DESTRUCTION AND RESPONSIBILTY TOWARD MR SWEET ALSO. AT A LATER DATE IN BK COURT ON THE CASE STATUS THE MR SWEET LEARNED MR BOYAJIAN NOR THE TRUSTEE MR HAMILTON HAD NO INSURANCE ON ANY OF THE ASSETS IN THEIR CONTROL.

FINALLY AFTER MOST OF MR BOYAJIANS ACTION WAS DISMISSED BECAUSE OF HIS INABILITY TO SUBSTANTIATE THE LIES OF HIS CLIENT, HE WITHDREW THAT COMPLAINT ON THE DAY OF TRIAL IN 1997.

IT WAS THEN REALIZED BY MR SWEET THAT MR BOYAJIAN ATTEMPTED TO COVER FOR HIS CLIENTS LIES BY NOT HANDING OVER IN DISCOVERY 2 BANK ACCOUNTS WHICH HIS OWN CLIENT FUNNELED MONEY FROM MR SWEET AND MR SWEETS PROPERTIES. MR BOYAJIAN STATED TO THE BK COURT HE HAD ONLY A FEW PAGES LEFT TO TURN OVER IN THE DISCOVERY, HOWEVER WHEN A SUPEONA WAS ISUED TO THE BANK AT A LATER DATE THE EVIDENCE UNCOVERED A SUPEONA PREVIOUSLY SERVED AND FULLFILLED TO MR BOYAJIAN THOSE DOCUMENTS ALMOST APROX. 300 – 500 PAGES WERE NEVER TURNED OVER TO MR SWEETBY BOYAJIA, THOSE DOCUMENTS VINDICATED MR SWEET, AND UPON SUBMISION OF THOSE RECORDS TO THE IRS THEY ALSO DROPPED THEIR PERSUIT OF THE FALSE CLAIMS.

IT WAS THEN MR SWEET WAS FACED WITH HANDLING THE DESTRUCTION OF ALL THE PROPERTIES , NO TAXES PAID, NO MORTGAGES PAID BOARDED UP , VACANT AND THE ROBERT ST PROPERTY HEAVLY DAMEGED BY FIRE ETC…

THE DEBTOR BOUGHT THEM BACK ONE AT A TIME OVER ABOUT A YEAR AND HALF WHEN THE TOWN OF WEST WARWICK NOW WANTED TO TAKE TWO OF THE PROPERTIES BY EMINANT DOMAIN IN 1998. THE TWO BUILDINGS ASSESED AT $345,000— WERE NOW BEING SOUGHT FOR $190,000–. THAT ATTEMPT WAS CONSUMATED IN 1999.

FROM THE DAMAGES ARIZING UNDER THE WATCH OF THE BANKRUPTCY COURT AND MR BOYAJIANS ACTION SWEET WAS FORCED TO FILE FOR PROTECTION HIMSELF IN 1997 AFTER THE DISMISSAL OF THE BOYAJIAN ACTION.

THE AUTOMATIC STAY AFORDED THE DEBTOR, WAS THE ONLY RELIEF EVER SECURED IN EACH PETTITION LEGALLY FILED BY MR SWEET. THE DEBTORS EFFORTS WERE STALLED BY MR BOYAJIAN IN ALMOST EVERY PETTITION DUE TO MR BOYAJIAN NOT WITHDRAWING AS TRUSTEE(DUE TO CONFLICTS OF INTEREST), THE OUTRAGOUS FALSE PROOF OF CLAIMS PUT THE DEBTOR OVER CERTAIN LIMITS TO BE ALLOWED IN A CH 13. THE AVOIDENCE OF THE BANKRUPTCY COURT TO HEAR CRUCIAL MOTIONS PUT FORTH BY THE DEBTOR, NOT ONE HEARING WAS EVER HEARD ON THE MERITS OF THE FALSE PROOFS OF CLAIMS FILED IN HIS PETITIONS. FAILURES OF THE BANKRUPTCY COURT TO MAKE NECESSARY DOCKET CORRECTIONS UPON REQUEST OF THE DEBTOR. AND NATURALLY THE DEBTOR WAS NOT AN ATTORNEY, THE BANKRUPTCY COURT IS VERY

POWERFULL AND MOST ATTORNEYS DON'T WANT TO BUCK THE SYSTEM ESPECIALLY KNOWING THE HISTORY BETWEEN BOYAJIAN AND SWEET, AND THEN WE HAVE THE FINANCIAL CONSTRAINTS ON THE DEBTOR .

FURTHER THE DEBTOR HAD BEEN ILL WITH LYME DISEASE SINCE 2002 , THAT DIAGNOSIS WAS NOT MADE UNTILL 2004 AND THE DEBTOR IS STILL TODAY ON 2000 MG ANTIBIOTICS A DAY.

IF THE COURT WOULD REFLECT ON THE DEBTORS CLAIMS REGISTERAND PLAN IN CASE FILED IN 1997 VERSUS HIS CLAIMS REGISTER AND PLAN IN 2OO2 , THE CLAIMS WERE OUTRAGOUS AND WERE DISPUTED BY MR SWEET.

AS CAN BE SEEN, MR SWEET

WAS ABLE TO CLEAR HIS NAME FROM THE FALSE ALLEGATIONS OF HIS FORMER PARTNER AND MR BOYAJIAN WITH A CLAIM OF ZERO.

WAS ABLE TO CLEAR HIS NAME WITH THE FALSE ALLEGATIONS OF THE IRS WITH A CLAIM OF ZERO, AND IN ADDITION RECEIVED APROXIMATELY $7000—IN REFUNDS FOR THE SAME YEARS.

WAS ABLE TO TEMPORARILY BLOCK THE TAKING OF PROPERTY BY WEST WARWICK WHICH SWEET WAS LATER AWARDED OVER $87,000—PLUS INTEREST.

WAS ABLE TO OBTAIN A JUDGEMENT AGAINST THE TRUSEE MR HAMILTON FOR THE FIRE DAMAGED PROPERTY WHILE IN CUSTODY OF THE COURT AND MR BOYAJIAN THE JUDGEMENT IS IN THE AMOUNT OF $265,000--, THAT IS NOT YET COLLECTED.

WAS ABLE TO SATISFY ALL THE PAST MORTGAGE HOLDERS

WAS ABLE TO SECURE PAMENT OF TO PAY OFF ALL THE TAXES OWED TO THE TOWN OF WEST WARWICK

WAS ABLE TO LIQUIDATE THE FIRE DAMAGED RODERT ST PROPERTY WITH A $35,000 SURPLUS.

AN ACCURATE DEPICTION OF FACTS AND FURTHER EVENTS THAT FOLLOWED CAN BE REFFERED TO AND ARE INCORPORATED HERETO IN THE "APPELLANTS RESPONSE TO THE TRUSTEES BRIEF REGUARDING MOTION FOR CORRECTIVE ORDER " FROM APPEAL C.A.05-119ML. THESE EVENTS ARE ACCURATE UP TO THE JUNE 29TH 2005 FILING WHICH IS THE BASIS FOR THIS APPEAL EX A

THE APPELLANT WOULD REFER TO AND INCORPORATE AS PART OF THIS BRIEF THE "APPELLANTS AMENDED DESIGNATION OF CONTENTS" AND THE FACTS OF TRAVEL THAT ARE DETAILED IN THE "RESPONSE TO THE TRUSTEES MOTION TO DISMISS" IN THIS APPEAL WHICH IS FURTHER INCORPORATED AND THEREFORE MADE PART OF THIS BRIEF.

*SUMMARY OF ARGUMENT*

THE DEBTOR FILED FOR RELIEF ON JUNE 29, 2005 AT 9:22 AM. THE DEBTOR HEARD NOTHING FROM NOBODY TILL JULY 15, 2005 WHEN HE RECEIVED A MOTION FOR ANEXPEDITED HEARINFG FROM CREDITOR MERS.THE DEBTOR ANSWERED THAT REQUEST AND NOTICED THE COURT HE WOULD BE GONE FROM JULY 16, 2005 THROUGH JULY 23, 2005.

THE DEBTORS REQUEST WAS FOR SOME REASON FILED IN A PREVIOUS PETITION #04-12083 AND DEMONSTRATED ENTITLEMENT TO RELIEF IN HIS DETAILED REQUEST FOR FILING.

THE DEBTOR WAS DENIED HIS RIGHT TO HEARD ON THE MERITS OF HIS PETITION, NOT ONLY AT THAT JULY 21ST 2005 HEARING BUT AGAIN DENIED A NEW HEARING AND DENIED A STAY PENDING THAT HEARING ON THE MERITS THEMSELVES.

AS STATED BY JUDGE VOTOLATO IN THE TRANSCRIPT OF THE JULY 21 2005 HEARING " MR SWEETS ABSENCE......HE LOSES INITIALLY BY DEFAULT ON HIS REQUEST FOR FILING.

THIS WAS EVEN AFTER THE JUDGE WAS INFORMED OF NOTICWE WHY MR SWEET WAS NOT THERE AT THE HEARING.

FURTHER THE JUDGE STATES "HE LOSES ON THE MERITS ALSO, WITH PREJUDICE"...

THE DEBTOR AGAIN DENIED HIS RIGHT TO ARGUE THE MERITS OF THE CASE.

THE WAS NOT ALLOWED HIS RIGHT TO BE HEARD ON THE MERITS OF HIS PETITION AND OTHER MOTIONS OF EXTREME IMPORTANCE, THUS ULTIMITLY HAS CAUSED IRREPARIBLE HARM TO THE DEBTOR AND VIOLATED HIS DUE PROCESS AND RIGHTS AND CERTAIN RIGHTS TO PROTECTION UNDER THE BANKRUPTCY CODE.

*CONCLUSION*

THERE IS NO DOUBT OR QUESTION MR SWEET FILED FOR PROTECTION ON JUNE 29, 2005 @ 9:22 AM

THERE IS NO DOUBT WAS DEFAULTED BECAUSE OF HIS ABSENCE OF A HEARING WHERE THE COURT WAS NOTICED HE WAS NOT IN THE COUNTRY.

THERE IS NO DOUBT THE DEBTORS RIGHTS WERE VIOLATED AT THAT HEARING , AFTER NOTICE TO THE COURT AND PARTIES HE WAS NOT GOING TO BE HERE, BUT THAT HEARING WAS HELD ANYWAY.

THERE IS NO DOUBT THAT PROTECTION OF SOME SORT SHOULD HAVE BEEN IMPLEMENTED BY THE JUDGE VOTOLATOIN THE ABSENCE OF THE DEBTOR, OR AT MINIMUM A STAY OF THE STATUS QUO UNTILL WAS PROPERLY NOTICED AND HEARD.

THERE IS NO DOUBT THIS CUSTAMARY OF THE TREATMENT OF SWEETS RIGHTS, NO HEARING OOR STAY OF ACTION PENDING HEARING ON THE DEBTORS REQUEST FOR A NEW HEARING UPON HIS RETURN FROM OUT OF THE COUNTRY.

IT IS THE DEBTORS BELIEF, ONE THAT AN AUTOMATIC STAY IS AND SHOULD HAVE BEEN IMPOSED IMMEDIATELY FOLLOWING THE FILING PROTECTING THE DEBTORS ASSETS.OR THE DEBTOR SHOULD HAVE BEEN NOTIFIED IMMEDIATELY OF NO PROTECTION WHERE HE COULD HAVE SOUGHT INJUNCTIVE RELIEF IN THE SUPERIOR COURT. AND TWO THE JUDGE DID NOT HAVE THE AUTHORITY TO RULE ON THAT FILING OF PETITION/REQUEST FOR FILING WITHOUT A HEARING WITH DUE PROCESS ON THE DEBTOR.

THE DEBTOR WAS WELL IN HIS RIGHT TO FILE FOR PROTECTION AND SHOULD HAVE BEEN GRANTED THAT PROTECTION CITING THE FACTS SUROUNDING THE REQUEST FOR FILING , BUT WAS DENIED HIS RIGHTS UNDER THE BANKRUPTCY CODE.

THEREFORE, THIS COURT SHOULD FIND THE JUDGE ERRED IN HIS DECISION, AND THIS COURT SHOULD GRANT THAT RELIEF REQUESTED ON JUNE 29,2005 FORTHWITH.

MAY 13, 2006

RESPECTFULLY SUBMITTED,

KEVIN E SWEET

*CERTIFICATION*

I CERTIFY I PLACED IN REG US MAIL ACOPY OF THE WITHIN BRIEF TO THE US TRUSTEE AND HAND CARRIED TO JOHN BOYAJIAN AT HIS OFICE 182 WATERMAN AVE PROV