UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE: KEVIN E SWEET
DIANE D SWEET

CA 05-119 ML

APPELANTS RESPONSE TO TRUSTEES BRIEF REGUARDING
"MOTION FOR CORRECTIVE ORDER"

NOW COMES THE DEBTOR/APPELANT AND RESPONDS TO THE TRUSTEES BRIEF, AND DUE TO THE TRUSTEES CONTINUED DISTORTION OF THE FACTS AND THE NATURE OF THE ALLEGATIONS THE APPELANT IS COMPELLED TO RESPOND WITH THE ACCURATE REPRESENTATIONS OF THE FACTS AS FOLLOWS:

1) MR SWEET HAD A CHAPTER 7 IN 1993 REPRESENTED BY BIAGIO LONGO, DISCHARGED. **EX A.**

2) WITH RESPECT TO THE 10 PETITIONS FILED, 6 WERE OF THE DEBTOR KEVIN SWEET AND THREE WERE OF DIANE SWEET , WITH THE LAST BEING A JOINT PETITION AS REQUESTED. By court

3) IN NOVEMBER 1995 THE DEBTOR WAS HIT WITH A SUPERIOR COURT ACTION KC 95-928 BY HIS THEN PARTNER IN REALESTATE, THAT ACTION WAS RTEDUCED TO A STIPULATION/ORDER SIGNED BY JUDGE SILVERSTIEN, IN APRIL 1996. **EX B.**

4) SOMETIME IN AUGUST 1996 SWEETS FORMER PARTNER HIRED BOYAJIAN TO REPRESENT HIMIN BANKRUPTCY ADVERSARY PROCEEDING, SWEETS COUNCIL FRED COSTELLO CONTACTED MR BOYAJIAN BUT MR BOYAJIAN STATED " HE WAS NOT AWARE OF THE APRIL 12, 1996 AGREEMENT AND IF IT DID EXIST, HE DID NOT LIKE IT AND DID NOT FEEL BOUND BY IT AND WAS NOT GOING TO ADHERE TO IT". **EX C.**

5) ON NOVEMBER 5, 1996 SWEET WAS SERVED WITH A SUMMONS AND COMPLAINT BY BOYAJIAN AS COUNCIL TO MY FORMER PARTNER. FACE PG **EX D.** THAT ACTION LASTED FROM AUGUST 29, 1996 THROUGH DECEMBER 2, 1997 WHEN THE ENTIRE

COMPLAINT WAS WITHDRAWN ON THE DAY OF TRIAL. THE DISMISSAL READS FOR FAILURE TO COMPLY WITH LOCAL RULE 7016-1. EX E.

6) AFTER THAT LENGTHY EXERCISE IN THE ADVERSARY FILED ABOVE BY BOYAJIAN. THE DEBTOR NOW HAD TO ATTEMPT TO REPAIR AND SALVAGE THE RESIDUE OF HIS ASSETTS LEFT BEHIND.

7) WHICH BRINGS US TO THE PAST FILINGS OF KEVIN E SWEET INDVIDUALLY FOR REORGANIZATIONS (ALL CH 13).

97-13624 REPRESENTED BY FRED COSTELLO, CASE CONDITIONALLY DISMISSED BY AGREEMENT WITH A CODITIONAL ORDER OF DISMISSAL. EX F. BOYAJIAN THE TRUSTEE, WITHDREW DUE TO CONFLICTS OF INTEREST. EX G.

98-12307 REPRESENTED BY ROBERT SGROI, CASE WAS VOLUNTARILY DISMISSED EX H. BOYAJIAN WITHDREW DUE TO CONFLICTS WITH SWEET EX I.

98-14914 FILED PROSEY- FRED COSTELLO INTERVINED, CASE DISMISSED WITH A 180 DAY BAR AFTER COURT ADVISED TO CHOOSE CH 11 OR DISMISSAL, EX J. BOYAJIAN WITHDREW DUE TO CONFLICTS EX K.

00-10311 FILOED PROSEY – RUSSELL RASKIN INTERVINED – CONDITIONAL DISMISSAL BY AGREEMENT BAR TO FILING 180 DAYS IF DEBTOR CONVERT TO A CHAPTER 7. EX L. DEBTOR REQUESTED REMOVEAL OF TRUSTEE AND BOYAJIAN WITHDREW DUE TO CONFLICTS EX M.

01-13089 PROSEY, PETTITION WITHDRAWN BY DEBTOR , DISMISSED WITHOUT PREDUDICE. EX N. DEBTOR HAD TO REQUEST REMOVAL OF BOYAJIAN, HE RESPONDED THERE WAS NO CONFLICT OF INTEREST, AFTER HEARING BOYAJIAN WAS REMOVED , REQUEST WAS GRANTED. EX O.

02-14644 PROSEY NOTICE OF INTENT TO DISMISS WITH 180 DAY BAR BUT AT HEARING WAS DISMISSED BARING DEBTOR WITHOUT COURT APROVAL. EX P. DEBTOR CHALLENGED THE ORDER TO VACATE TO NO AVAIL NOR A HEARING. EX Q. DEBTOR HAD FILE REQUEST TO REMOVE BOYAJIAN , THE COURT ORDERED HIS WRITTEN POSITION , DEBTOR FILED MOTION TO COMPEL BOYAJIAN FOR WRITTEN POSITION , HE FINALLY RESPONDED 57 DAYS LATER AND WAS THE REMOVED AS TRUSTEE EX R.

8) THERE WERE ALSO 3 PETITIONS FILED BY DIANE SWEET INDIVIDUALLY

CH 13 01-11455 DISMISSED

CH 13 02-11462 DISMISSED

CH 13 CONVERTED TO CH 7 04-10582 DISMISSED WITH 180 DAY BAR

IN ALL OF DIANE SWEET PETTITIONS BOYAJIAN, 2 HE WOULDN'T LEAVE AND 3RD HIS PARTNER RICHRDSON CAME IN .

9) IN THE INSTANT CASE 04-12083 THE DEBTOR KEVIN E SWEET AGAIN FILED A REQUEST INDIVIDUALLY, (MR SWEET WAS BARRED AUGUST 29, 03 ) EX S HE HAD TRIED TWICE TO CORRECT THAT ORDER TO NO AVAIL.

FOR SOME REASON THE REQUEST WAS FILED IN HIS PREVIOUS PETITION , BUT SHOULD HAVE GOT ITS OWN CASE NUMBER.

THERE WAS A HEARING ON THE REQUEST FOR FILING AND WAS GRANTED HOWEVER, EVEN THOUGH THE REQUEST WAS FILED BY ME INDIVIDUALLY THE DEBTORS ATT TED LAWSON ASKED THAT DIANE SWEET JOIN THE PETITION.

BOYAJIAN WAS APPOINTED TRUSTEE , DID NOT WITHDRAW, WHEN I TOLD MY ATTY HE SAID ALLOW HIM TO STAY.

THERE WAS A 341 MEETIN, WITH NO OBJECTIONS FILED, THE TRUSTEE HOWEVER FILED AN OBJECTION TO CONFIRMATION, RE $2000—PLAN PAYMENT NEW CH 13 PLAN #2, THE CASE WAS DISMISSED., BECAUSE THE DEBTORS ATTY FAILED TO FILE AN AMENDED PLAN. **EX T.** (THERE WAS NO BAR IN THAT ORDER).

DEBTORS COUNCIL FILED THE PLAN #3 AND MOTION TO RECONSIDER AND MOTION TO VACATE ORDER DISMISSING CASE. **EX U.**

TRUSTEE RESPONDED WITH AN OBJECTION BASED ON NEW INFORMATION THAT THE IRS WOULD BE FILING A CLAIM IN THE AMOUNT OF $92,000 AGAINST MR SWEET **EX V.**, ( HIM AND WIFE HAVE NOTHING JOINTLY BUT FAMILY HOME AND FILE SEPARATLY).

DEBTORS COUNCIL RESPONDED TO THAT OBJECTION **EX W** RE IRS CLAIMS, AND THAT THE IRS IN PREVIOUS PETITIONS FILE FALSE CLAIMS IN THE HUNDREDS OF THOUSANDS OF DOLLARS, THESE CLAIMS NEVER BORE FRUIT, IN FACT PREVAILED IN ALL OF THE 7 CASES AND RECEIVED REFUNDS . **EX X.** THE DEBTORS ACCOUNTANT, PAUL VICCARIO, CPA REPORTED IN TESTIMONY TO THE COURT THAT THE IRS SIMPLY DISALLOWED ALL THE DEBTORS EXPENCES AND DEDUCTIONS. **EX Y .**

10) ON JANUARY 26, 05 A HEARING WAS HELD ON THE IRS STATUS AGAIN, A FULL TRANSCRIPT OF THAT HEARING ISANNEXED HERETO **EX Z .** AT THE CNCLUSION OF THE HEARING THE CASE WAS DISMISSED SEE PAGE 10 LINE 24, 25 JUDGE "THE PRIOR DISMISSAL ORDER IS TOTALLY REINSTATED, THE STAY .........." AND PAGE 11 LINE 14, 15 "MR SWEET IS OUT OF COURT AGAIN, YOU CAN PREPARE AN ORDER MR BOYAJIAN".

11) IT WAS ONLY THEN MR BOYAJIAN SUBMITTED AN ORDER THAT IS THE SUBJECT OF THIS APPEAL. THAT NOW LISTED HIS WIFE AS BEING BARED ALSO.

12) THE DEBTORS WIFE WAS A PARTY TO THIS PETITION I NNAME ONLY , THE JUDGE STATED "MR SWEET IS OUT OF COURT AGAIN". NOTHING OF BARRING THE WIFE.

13)THE TRUSTEE STATES IN HIS ARGUMENT PAGE 8 THAT IN MY BRIEF I APPEAR TO ACKNOWLEDGE THE COURT WAS WITHIN ITS AUTHORITY TO BAR ME, TO THE CONTRARY , THE DEBTOR HAS TWICE REQUESTED THAT THAT BARRING BE VACATED.

FURTHER, THE TRUSTEE STATES "THE DEBTOR DOES ARGUE THE BARRING OF HIS WIFE DIANE SWEET " FROM FILING A FURTHER PETITION WITHOUT PRIOR PERMISSION OF THE COURT .
REGUARDLESS OF WEATHER OR NOT THERE WAS A PRIOR ORDER WHICH BARRED DIANE SWEET FROM FILING A FURTHER PETITION WITHOUT PRIOR PERMISSIN OF THE BANKRUPTCY COURT".

BECAUSE THATS EXACTLY WHAT THE TRUSTEE IS ATTEMPTING , TO GO OUT SIDE THE COURTS ORDER PER TRANSCRIPT AND RIGHT HIS OWN ORDER .

THE TRANSCRIPT OF THAT HEARING IS PRIMA FACIA EVIDENCE TO THE LANGUAGE THE ORDER SHOULD BE WRITTEN. PAGE 10 LINE 24, 25 *"THE PRIOR DISMISSAL ORDER IS TOTALLY REINSTATED , THE STAY..."* AND PAGE 11 LINE 14, 15 *" MR SWEET IS OUT OF COURT AGAIN". "YOU CAN PREPARE AN ORDER MR BOYAJIAN "*.

THE TRUSTEES BRIEF IS LITTERED WITH INACURATE REPRESENTATIONS AND HE CITES AUTHORITIES TO WHICH THE BANKRUPTCY COURT MIGHT RELY ON WHEN A DEBTOR IS BARRED.

HOWEVER, THE COURT HAS NEVER MENTIONED THE BARRING OF DIANE SWEET, IN FACT THE COURT ORDERED THE PREVIOUS ORDER WAS TO BE REINSTATED, **( NO ORDER BARRING DIANE SWEET EXISTS ).**

IT APPEARS, MR BOYAJIAN EXPECTS THIS COURT TO FOLLOW HIS LEAD IN BARRING THE DEBTOR DIANE SWEET AS HE STATES " REGUARDLESS OF WEATHER OR NOT THERE WAS A PRIOR ORDER WHICH BARRED DIANE SWEET FROM FILING A FURTHER BANKRUPTCY PETITION WITHOUT PRIOR PERMISSION OF THE BANKRUPTCY COURT".

THE TRUSTEE IS WRONG, AND HE HAS PRODUCED NOT ONE SCINTILLA OF EVIDENCE THAT SHOWS A PREVIOUS ORDER THAT DIANE SWEET IS BARRED FROM FILING WITHOUT COURT PERMISSION

THE DEBTORS APPEAL IS FOR A " CORRECTIVE ORDER " THAT WOULD REFLECT THOSE EXACT WORDS OF THE COURT.

NON OF WHICH INCLUDED ANY LANGUAGE TO BAR DIANE SWET.

THEREFORE, THE DEBTOR WOULD REQUEST THIS HONORABLE COURT TO GRANT THAT MOTION FOR CORRECTIVE ORDER FORTHWITH.

FINALLY, MR BOYAJIAN KEEPS RIDING THE THOUGHT WHICH QUESTIONS WHAT AUTHORITY IS IT OF MR SWEET TO APPEAL AN ORDER DIRECTED TO MRS SWEET.

MR SWEET IS WELL WITHIN AUTHORITY, FIRST THE COURT MADE THIS A JOINT PETITION FOR WHATEVER REASON, SECOND MRS SWEET IS HIS WIFE, AND THE ORDER IS DIRECTED AT BOTH.

FURTHER, FOR THE RECORD THE DEBTOR DOES BELIEVE THEY WERE DENIED THERE DUE PROCESS IN BANKRUPTCY COURT.

LASTLY, MR BOYAJIAN SHOULD HAVE REQUESED HIMSELF AUTOMATICALLY, HE HAS KNOWN CONFLICTS WITH THIS DEBTOR, AND HE HIMSELF VIOLATED HIS OWN DUTIES AS TRUSTEE, SEC 704 (5) HE KNOWING THE HISTORY OF THE FALSE CLAIMS OF THE IRS AND MR SWEET COULD HAVE AND SHOULD HAVE EXAMINED THAT PROOF OF CLAIM AND OBJECTED TO THE ALLOWANCE UNTILL SUBSTANTIATED/ OR RESOLVED.

THE CLAIM WAS FOR THREE YEARS TAXES , IRONICALLY THE CASE WAS DISMISSED FEBRUARY 10, 2005 AND THE DEBTOR RECEIVED AGAIN ONE OF THE FIRST REFUND CHECKS, FEBRUARY 18, 2005 ONLY 8 DAYS LATER. SAD THAT THE DEBTORS PETITION WAS TOSSED AND HIS HOUSE SOLD OUT OF SPITE.

OCTOBER 24, 2005

KEVIN B SWEET

Diane D. Sweet

DIANE D SWEET

179 SANDY BROOK RD HARMONY RI 02829
401-934-2929

CERTIFICATION

I CERTIFY I PLACED IN REGULAR US MAIL ACOPY OF THE WITHIN RESPONSE TO JOHN BOYAJIAN 182 WATERMAN AVE PROV RI 02906 AND THE US TRUSTEE 10 DORRANCE ST PROVIDENCE RI 02903