UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re: KEVIN SWEET, SR. CA 05-365 ML
Debtor

TRUSTEE'S RESPONSE MEMORANDUM REGARDING DEBTORS [sic] BRIEF REGARDING APPEAL OF "THE DEBTORS [sic] REQUEST FOR FILING"

The first three pages of the debtor's "Brief" deal with matters wholly extraneous to this appeal. While understanding that the Court properly disregards matters which are not part of the record, the continued allegations of Mr. Sweet regarding his "previous partner" require a brief response.[1]

**FACTS**

As stated in this Court's Order of April 19, 2006, the debtor, Kevin Sweet, was subject to an earlier Order of the

[1] Mr. Sweet's former "business partner" was Gerald E. Cote. Mr. Cote is an individual who is both physically and mentally impaired and the trustee, on a *pro bono* basis, represented Gerald E. Cote in a Chapter 11 bankruptcy proceeding. Mr. Cote's physical and mental condition was such that counsel never met with him without the presence of either one or both of his brothers and, upon the filing of his Chapter 11 case, immediately moved for the appointment of a trustee. *See* Chapter 11 Docket Entries No. 1 and 4 dated 8/29/1996. Copies are attached as Exhibit A. (The file itself is in storage and because of its age, the trustee no longer has copies of the documents. The docket entries are available on the Bankruptcy Court's website.) In an adversary proceeding in which Mr. Cote alleged Mr. Sweet physically abused him and wrongfully took his money, the Court issued a temporary restraining order (Adversary Proceeding Docket Entry of 9/4/1996), and the trustee's recollection is that one of the parts of the order restrained Mr. Sweet from assaulting Mr. Cote. Eventually, the case was withdrawn because of both an inability to sufficiently establish necessary facts and the unlikelihood of eventual collection.

Bankruptcy Court requiring him to obtain prior permission from the Court before filing any new bankruptcy petition.

> On June 29, 2005, Debtor filed a "request for filing" which was denied by the Bankruptcy court on July 22, 2005. Debtor filed a motion to reconsider[1] the denial on July 29, 2005. That motion was denied on August 5, 2005.
>
> [1]The motion was captioned "Debtors [sic] motion for new hearing on the Debtors [sic] request for filing dated July 29, 05."[2]

**STATEMENT OF ISSUES PRESENTED FOR APPEAL**

The Statement of Issues as described by Mr. Sweet are as follows:

1. "The denial of the debtors [sic] request for filing"; and

2. "Violation of debtors [sic] rights for protection under 362."

**STATEMENT OF THE CASE**

On July 21, 2005, the Bankruptcy Court held a hearing on Mr. Sweet's request to file a petition.[3] Mr. Sweet did not appear at the hearing.[4] The Court was informed that a foreclosure sale of certain real estate purportedly owned by Mr. Sweet had

---

[2] Order, United States District Court, C.A. No. 05-365-ML (April 19, 2006) at 1.

[3] Transcript of July 21, 2005 hearing attached as Exhibit A. Transcript at p. 2, ll. 2-5.

[4] *Id.* at ll. 6-7.

occurred on June 29, 2005.[5] The Court was further informed that on July 28, 2004 an Order had previously been entered that gave Mortgage Electronic Registration Systems, a secured creditor, permission to foreclose

> *... with such in rem relief to remain in full force and effect and to be unaffected by any subsequent bankruptcy petition that might be filed by the Debtor, his spouse, or any other current or future owner(s) or occupant(s) of the Property or by any combination of the foregoing parties.*[6] (Emphasis original.)

On August 3, 2004, the Court reaffirmed the Order entered in BK-02-14644 when it entered a Consent Order By and Between the Debtor and Secured Creditor, Mortgage Electronic Registration Systems, Inc.[7]

**ARGUMENT**

The essence of the debtor's appeal is that he was denied permission to file a new bankruptcy proceeding and therefore did not get the protection of the automatic stay. *See* 11 U.S.C. §362(a). The record before the Bankruptcy Court indicates that there was a Consent Order issued in a prior case which granted "*in rem* relief" regarding the property in question and that by

---

[5] Transcript at p. 3, ll. 1-2.

[6] A copy of the Order is attached hereto as Exhibit B. *See also* BK-02-14644, Docket Entry No. 107.

[7] A copy of the Consent Order entered on August 3, 2004 is attached hereto as Exhibit C. *See also* BK-04-12083, Docket Entry No. 35.

entering into the Consent Order regarding that relief, Mr. Sweet had waived any rights to rely upon 11 U.S.C. §362 which, even if a new filing were permitted by the Court, would not have applied to the property in question.

> An order granting *in rem* relief from stay is an appropriate remedy when a debtor or transferee of a debtor serially files bankruptcy petitions solely to invoke the automatic stay. *Laguna Assocs. Ltd. P'ship v. Aetna Casualty & Surety Co. (In re Laguna Assocs. Ltd. P'ship)*, 30 F.3d 734 (6th Cir. 1994). *In rem* relief renders the automatic stay in any future bankruptcy cases inapplicable to the lender's foreclosure of a particular *res*, regardless of who owns the property or files the case. *In re Lord*, 325 B.R. 121, 129 (Bankr.S.D.N.Y.2005). *In rem* relief thus addresses circumstances when the debtor is likely to invoke the automatic stay to frustrate foreclosure efforts through repeated filings, whether by the same or different persons. Rather than barring the debtor from filing a bankruptcy case in the future, the *in rem* remedy directly addresses abuse of the automatic stay by prospectively eliminating it with regard to the lender's collateral even if there are future bankruptcy cases. *Aurora Loan Servs. Inc. v. Amey (In re Amey)*, 314 B.R. 864, 866-67 (Bankr.N.D.Ga.2004).
>
> Section 105(a) of the Bankruptcy Code authorizes a bankruptcy court to grant *in rem* relief in connection with granting relief from the stay under § 362(d) in circumstances where an ordinary stay relief order will not be effective to protect a secured lender's rights, as demonstrated by the prior history of the parties and the property. *Lord*, 314 B.R. at 869; *see also* 11 U.S.C. § 105(a). The remedy is imposed where there has been an abuse of the bankruptcy

> laws and of the automatic stay resulting from the filings of multiple bankruptcy cases. *Id.*[FN16]
>
> The bankruptcy court did not err, legally or factually, in granting relief from stay to allow Doral to immediately proceed with its foreclosure sale, and in *sua sponte* granting *in rem* status to such relief. The allowance of relief from stay *in rem* was warranted by the Debtors' efforts to circumvent the bankruptcy court's prior orders. Moreover, the *in rem* aspect of the order was necessary and appropriate to ensure that the Debtors would not misuse the bankruptcy process again to defeat Doral's legitimate remedies. Section 105(a) specifically empowers the court to act *sua sponte* in appropriate circumstances. In its emergency motion to authorize the sale and to dismiss the case, Doral requested that "severe sanctions" be imposed on the Debtors for their abuse of the Bankruptcy Code, and for "such further relief as is just and proper." It was within the bankruptpcy court's discretion to order *in rem* relief as a sanction.[FN17]

Gonzalez-Ruiz v. Doral Financial Corp. (In re Gonzalez-Ruiz), - B.R. -, 2006 WL 1114410 (1st Cir. B.A.P. May 4, 2006). Since an *in rem* order was already in force, even if a further bankruptcy filing were permitted by the Court, it would not have prevented consummation of the foreclosure sale the debtor was attempting to again frustrate.

The Court weighed the issue before it, and while it noted that Mr. Sweet "loses initially by default on his request for filing"[8], the Court ruled also that "... he loses on the merits also ...".[9]

The debtor also argues in his brief that an automatic stay should have been imposed immediately following the filing. The debtor's reliance on the issuance of the automatic stay is misplaced for two reasons. First, any automatic stay would have not affected the property subject to the *in rem* relief because of the orders previously entered and referred to above. Second, the automatic stay does not come into effect unless there is a valid filing, and based on the prior orders of the Court, no filing was valid or effective without the prior permission of the Court. Since the Court did not grant permission to file, the automatic stay never came into effect.

The record in the Bankruptcy Court hearing of July 21, 2005 provides a sufficient factual basis upon which the Court could rest its ruling. While the Court did note Mr. Sweet's absence

---

[8] Transcript at p. 6, ll. 8-9.

[9] *Id.*, ll. 11-12.

and a "default", it also mentioned ruling upon the "merits" of the matter.[10]

It has been stated that

> ... where, even though the grounds for the decision of the court below are insufficient, sufficient grounds on which the decision might have been based are actually disclosed on the record, a correct decision will not be disturbed.

Park Lane Dresses, Inc. v. Houghton & Dutton, Co., 54 F.2d 33, 37 (1st Cir. 1931). In this case, the facts disclosed on the record are as follows:

1. Mr. Sweet entered into a Consent Order on July 28, 2004 barring him from filing a new petition and obtaining the automatic stay with respect to the property in question;[11] and

---

[10] Mr. Sweet's argument that the court should have continued the hearing is specious. His notice to the Court that he would be "... out of the country untill [sic] July 23, 2005" while dated July 15, 2005 was not mailed until July 21, 2005 (a copy of the envelope with its postmark was entered as part of the pleading) and not received by the Court until July 22, 2005, the day after the hearing. (BK-04-12083, Docket Entry No. 111). The Court's file stamp of receipt is at the top right of the pleading. The "received" stamp with the date of July 20, 2005 is not the Court stamp. A cynic might conclude that the stamp was placed there to further confuse the issues before the court as was the lack of a case number for the pleading which was also obviously filled in by a court employee and not the debtor thereby giving opportunity for a claim that "the debtors [sic] request was for some reason filed in a previous petition 04-12083 ..." (Emphasis added.) In fact, that case (04-12083) was the last one filed by this debtor, and the pleading was appropriately filed by the Clerk's office. A copy of Debtors [sic] Request for Time to Respond to Motion of MERS for an Expedited Hearing or Pleading and Objection to Debtors [sic] Request for Filing is attached hereto as Exhibit D.

[11] Transcript at p. 4, ll. 19-21.

2. *In rem* relief had previously been granted with respect to the property in question.[12]

The court properly declined to allow the filing of the new petition by Mr. Sweet. His appeal has no basis.

**CONCLUSION**

For the reason set forth above, the trustee requests that the appeal of Mr. Sweet be denied and dismissed.

John Boyajian, Trustee
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906
Tel:(401) 273-9600
Fax:(401) 273-9605

CERTIFICATION

I hereby certify that a copy of the within Response Memorandum was mailed, postage prepaid, to Kevin E. Sweet, Sr., PO Box 455, Harmony, RI 02829; Ms. Diane Sweet, PO Box 455, Harmony, RI 02829; Edward Lawson, Esq., 260 Lonsdale Ave., Pawtucket, RI 02860 and Office of the US Trustee, 10 Dorrance St., Providence, RI 02903 on May 26, 2006.

Dana A. Westerkamp

[12] Transcript at p. 4, ll. 22-25, p. 5, ll. 1, 3-6.