UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | | | |
|---|---|---|---|
| IN RE. | KEVIN E. SWEET, JR. | : | CHAPTER 13 |
| | DIANE SWEET | : | Case No.: 04-12083 fANV |
| | | : | |
| | DEBTOR | : | |

CONSENT ORDER BY AND BETWEEN THE DEBTOR AND SECURED CREDITOR, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

NOW COME the Debtors, Kevin E. Sweet, Jr. and Diane Sweet (sometimes collectively referred to herein as "Debtor") and Mortgage Electronic Registration Systems, Inc. as Nominee for Washington Mutual Bank, FA successor in interest to HomeSide Lending, Inc. ("MERS") and agree as follows:

1. The Court's Order Granting MERS/HomeSide Lending, Inc. In Rem Relief from the Automatic Stay and Leave to Foreclose Its Mortgage dated and entered on August 26, 2003 (hereinafter the "In Rem Order" – See copy of such order attached hereto as Exhibit A) in the Chapter 13 Case of Kevin E. Sweet, Jr., Case No. 02-14644-ANV is vacated for the limited purpose of allowing the Debtor to reopen and attempt to file a confirmable plan in the above-captioned case. In all other respects the In Rem Order shall remain in full force and effect meaning that if the above-captioned case should subsequently be dismissed for any reason or MERS is granted relief from the automatic stay to foreclose its mortgage, then such In Rem Order will remain in force and effect as to any subsequent bankruptcy filing made by this Debtor or his spouse Diane Sweet a/k/a Diane Loranger or by any other current or future owner(s) or occupant(s) of the Property or by any combination of the foregoing parties.

ALL-STATE LEGAL®
EXHIBIT
C

2. MERS is the holder of a first mortgage on the Debtor's principal, single family residence known and numbered as 179 Sandy Brook Road, Glocester, Rhode Island (the "Property"). The mortgage is dated May 22, 2000, and is recorded with the Town of Glocester Land Evidence Records in Book 252, Page 850 (the "Mortgage").

3. On June 15, 2004, MERS conducted a foreclosure auction on the mortgaged premises pursuant to the power of sale contained in the Mortgage and the Property was sold at such auction to a third party, Thomas Ricci ("Ricci"), for $229,000.00. Ricci duly executed a Memorandum of Sale (copy annexed hereto as Exhibit B) and tendered the required $5,000.00 deposit, which is presently being held by the Shapiro & Kreisman as attorneys for MERS.

4. Ricci and MERS agree that Shapiro & Kreisman shall continue to hold Ricci's deposit until August 25, 2004, or until such time as the Court confirms the Debtor's Chapter 13 Plan to be filed by the Debtor on or before June 24, 2004, as the same may be amended from time to time, whichever shall occur first. Upon the occurrence of one of the foregoing events and provided that the sale of the Property to Ricci has not been previously consummated due to the dismissal of the Debtor's Bankruptcy case or the Debtor's prior default under the terms of this Consent Order, Ricci and MERS shall execute a mutual release whereby each party shall release the other party from the terms and conditions of the Memorandum of Sale. Upon Ricci's execution of such mutual release, Shapiro & Kreisman shall refund Ricci's deposit to Ricci.

5. In the event that this case is dismissed for any reason prior to confirmation of the Debtor's plan, or if the Debtor should default under the terms and conditions of

this Consent Order and Washington Mutual should file an Affidavit of Non-Compliance with the Court that remains uncontested for five calendar days after the filing thereof, then MERS and Ricci shall be entitled to consummate the sale of the Property by MERS to Ricci in accordance with the terms and conditions of the Memorandum of Sale. By virtue of the execution of this Consent Order by counsel for MERS and by Ricci, the date of performance set forth in such Memorandum of Sale is deemed and is hereby extended to August 25, 2004, or to the date upon which the Debtor's Chapter 13 Plan is confirmed by the Court, whichever event shall occur first. Thereafter, Ricci and MERS may enter into further extensions of such Memorandum of Sale provided that the date for performance is not extended beyond the date the Debtor's Chapter 13 Plan is confirmed by the Court.

6. The Debtor acknowledges that monthly payments under the Mortgage and the Note secured thereby are due on the 1st day of each month. The current monthly payment amount is $983.19 and is subject to change in accordance with the terms of the Note and Mortgage due to fluctuations in the interest rate (the Note is an Adjustable Rate Note) or in escrow amounts for real estate taxes, hazard insurance or mortgage insurance premiums.

7. Commencing with the post-petition payment due July 1, 2004, the Debtor agrees to make timely monthly mortgage payments to Washington Mutual Bank, FA, loan servicer for MERS. The Debtor shall make all post-petition payments directly to Washington Mutual Bank, FA at the following address:

**Washington Mutual Bank, FA**
**Attn. ALSS Default Cash, Mailstop #0701SATX**
**9601 McAllister Freeway**
**San Antonio, TX 78216**

8. MERS is hereby granted relief from the automatic stay and leave to foreclose its mortgage in the above-captioned case. MERS, however, will forbear from taking any action to foreclose its Mortgage for as long as the Debtor remains in compliance with this Consent Order or until the case is otherwise dismissed or terminated. To the extent that the provisions of paragraphs 3, 4 and 5 are inconsistent with the terms of this paragraph, the provisions of paragraphs 3, 4 and 5 shall control.

9. In the event that the Debtor becomes more than ten (10) days delinquent with any post-petition payment due under the terms of the Note and Mortgage, upon five (5) days written notice to the Debtor's attorney with a copy to the Debtor Washington Mutual Bank, FA may file an Affidavit of Non-Compliance with the Court whereupon MERS, its successors or assigns may resume the foreclosure process.

Date: July 28, 2004

Mortgage Electronic Registration
Systems, Inc.
By its attorney,

/s/_ Susan W. Cody, Esq.
(RI # 6150)
Shapiro & Kreisman
490 Boston Post Rd.
Sudbury, Ma 01776
(978) 443-8800 (ext. 330)
(978) 443-7433 (fax)

/s/ Thomas M. Ricci
Pro Se

Kevin E. Sweet
Diane Sweet,
By their attorney,

/s/ Edward G Lawson, Esq.
(RI #0517)
260 Lonsdale Avenue
Pawtucket, RI 02860
(401) 725 1810
(401) 725-2244 (fax)

/s/ Kevin E. Sweet

/s/ Diane Sweet

**Entered:**

**Arthur N. Votolato**
**U.S. Bankruptcy Judge**
**Date:** 8/3/04

**Entered on docket**
**Date:** 8/3/04

Judgment # 04-12083-35