UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN RE: KEVIN SWEET, SR. C.A. 05-365 ML

ORDER

This matter is before the Court on appeal from an order of the bankruptcy court. Appellant, Kevin Sweet, Sr. ("Appellant") a frequent habitue of the bankruptcy forum, complains that he was denied permission to file yet another petition. His aim in seeking permission to file another bankruptcy petition apparently was to take advantage of the automatic stay provision, thereby forestalling a scheduled foreclosure sale on the Appellant's home. In his brief, Appellant chronicles many of his contacts with the bankruptcy court; he does not, however, address the legal standard that applied at the bankruptcy court or that controls on appeal to this Court.

The bankruptcy court previously ordered Appellant to seek permission before filing another petition. This order resulted from Appellant's history of filing petitions, only to have those petitions dismissed due to his continued abuse of the bankruptcy process, e.g., Appellant's failure to appear at a duly scheduled creditor's meeting after proper notice. On July 21, 2005, the bankruptcy court held a hearing on Appellant's instant request for permission to file. After making a determination that the property involved was the subject of an in rem proceeding in which Appellant had entered into a consent order, the thrust of which was to grant in rem relief from the automatic stay which was to remain unaffected by any subsequent bankruptcy petition, the bankruptcy

court denied his request. Appellant makes much of the fact that the bankruptcy court conducted the hearing in his absence after he "notified" the bankruptcy court that he would be "out of the country." As the Trustee points out, this argument is but a red herring. Appellant's "notice" to the bankruptcy court was not timely filed, and, in any event, the bankruptcy court's decision on the merits of Appellant's request was well supported by Appellant's record of abuses of the bankruptcy process.

This Court, therefore, finds that the bankruptcy court did not abuse its discretion in denying Appellant's request to file. Accordingly, his appeal from that decision is denied and dismissed.

SO ORDERED:

Mary M. Lisi

Mary M. Lisi
United States District Judge
June 2 , 2006