UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE; KEVIN E SWEET CA 05-365ML

DEBTORS RESPONSE BRIEF REGUARDING MR BOYAJIANS BRIEF ON THE DEBTORS APPEAL ON "THE DEBTORS REQUEST FOR FILING.

**RESPONCE TO FALSE ALLEGATIONS RE COTE**

MR SWEET DOES NOT ALLEDGE, MR SWEET MAKES FACTUAL STATEMENTS OF THE TRUE EVENTS SURROUNDING HIS ENCOUNTER WITH MR BOYAJIAN AND FORMER PARTNER COTE.AND THE DESTRUCTION CAUSED BY BOTH THROUGH THE WATCHFULL EYE OF THE BANKRUPTCY COURT. ALL OF MY STATEMENTS HAVE BEEN SUPPORTED BY COURT DISMISALS AND REAL DISPOSITIONS NOT FALSE ALLEGATIONS ,TWISTED STATEMENTS AND BROAD THEORY'S AS WITH MR BOYAJIANS.

WHICH IS WHY SWEET WAS VINDICATED:

IN THE BANKRUPTCY COURT ADVERSARY 96-1128 BY BOYAJIAN, HIS CLIENT LIED AND HE SWORE BY IT. ALL OF THE RICO/ MISUSED FUNDS AND STOLEN MONEY COUNTS WERE DISMISSEDON 6-17-97.AND THE ADVERSARY WAS WITHDRAWN ON THE DAY OF TRIAL 6-24-97. A WEEK LATER. FACT IS MR BOYAJIAN HAD ALMOST A YEAR TO PROVE HIS THEORY AND HIS CLIENTS LIES, TO NO AVAIL, BECAUSE THERE WAS NO MERIT TO HIS CASE.

THERE WAS ONE, FALSE ASSAULT CHARGE FILED WITH THE STATE POLICE THAT WAS IN DISTRICT COURT, THAT TO WAS DISMISSED, BECAUSE OF COTE LIES AND DECIET.

THERE WAS A SUPERIOR COURT ACTION WHICH WAS FILED , DISPUTED AND THEN RESOLVED TO SWEETS FAVOR, SWEET SUCCEDED ON THE MERITS OF THAT ACTION ALSO, BY JUDGE SILVERSTIEN.THIS IS ALSO THE CASE BOYAJIAN SIMPLY COPIED ONTO THE ADVERSARY FORM KNOWN AS COTE VS SWEET IN BANKRUPTCY COURT.

THERE WAS A STATE POLICE INVESTIGATION, NO CHARGES WERE EVER FILED AGAINST SWEET BECAUSE COTE LIED AND SWEET DID NOTHING WRONG.

THERE WAS ALSO A GRAND JURY CONVINED IN THIS MATTER OF SWEET/ COTE AGAIN THERE WERE NO INDICTMENTS HANDED DOWN

THERE WAS ALSO THE IRS CLAIMS OF OVER $500,000—FOR THE ALLEGATIONS OF COTE, THE WERE DEFEATED ALSO IN FACT THE DEBTOR RECEIVED OVER $7000—IN REFUNDS FOR THOSE YEARS WITH INTEREST.

THE PROOF OF COTE"S FALSE ALLEGATIONS AND MR BOYAJIANS THEORY'S FALL IN THE DISPOSITIONS OF EACH AND EVERY MATTER THROWN AT SWEET OVER 10 YEARS. ALL WERE IN FAVOR OF SWEET.

WITH RESPECT TO THE SO-CALLED ABUSE TO THE BANKRUPTCY COURT, AGAIN EACH PETITION WAS FILED BECAUSE OF THE DESTRUCTION OF THE BOYAJIAN/ COTE CASE , AND ONLY BECAUSE OF THE AUTOMATIC STAY AFFORDED BY THE BK COURT RULES, EVEN THOUGH THE COURT WOULDN'T ALLOW A CONFIRMATION , THE DEBTOR SWEET WAS ABLE TO CLEAN UP THE RESIDUE OF THAT DESTRUCTION LEFT BEHIND BY BOYAJIAN, AND IN FACT PAID ALL PARTIES INVOLVED , RECEIVED A JUDGEMENT OF 113,000—FROM THE EMINANT DOMAIN ISSUE WITH THE TOWN OF WEST WARWICK, AND A 35,000—SURPLUS FROM THE BURNT BUILDING WHILE UNDER BOYAJIAN WATCH AND A DEFAULT JUDGEMENT AGAINST HAMILTON THE TRUSTEE IN THE AMOUNT OF 265,000--.

THIS SHOULD SAY SOMETHING FOR THE DEBTOR SWEET. I BELIEVE IF THIS COURT LOOKS AT THE HISTORY OF THE DEBTORS CASES AND HOW THE DEBTOR RESOLVED THOSE ISSUES AND PAID THE CREDITORS AND HIS STATUS NOW , ONE CAN EASILY SEE THE DEBTOR WAS IN IN BK COURT TO FRUSTRATE CREDITORS, TO THE CONTRARY THE DEBTOR CLEANED EVERYTHING UP AND MADE A PROFIT.

UNLIKE MR COTE"S PETITION BY BOYAJIAN, THERE WAS NEVER EVEN A PROPOSED PLAN FROM ITS INCEPTION ON 8-29-96 THROUGH 4-29-98 WHEN IT WAS CLOSED. NOTHING TO PAY THE CREDITORS LEFT BEHIND HOLDING A MESS AFTER BOYAJIANS FRUTLESS ACTIONS AND INABILITY TO SUBSTANTIATE NOT ONE OF THE COTE LIES.

IN FACT AS STATED IN THE DEBTORS BRIEF MR BOYAJIAN DID NOT PRODUCE THE DOCUMENTS OF THE COTE ACCOUNTS THAT SHOWED HIS CLIENTS LIES AND MONEY HIS CLIENT FUNNELED FROM SWEET.

MR BOYAJIAN SHOULD BE ASHAMED, HE WAS MISLEAD AND LIED TO BY COTE BUT INSTEAD OF ALLOWING SWEET TO MOVE FOREWARD TO CLEANUP THE MESS AND SATISFY THE DEBTORS, HE STAYED IN MOST OF THE PETITIONS AS TRUSTEE UNILL HE HAD TO BE REMOVED. THERE WAS AND IS AN OBVIOUS CONFLICT BETWEEN SWEET AND BOYAJIAN. HE SHOULD HAVE RECUSED HIMSELF IMMEDIATELY AND IF NOT THE JUDGE

VOTOLOTO SHOULD HAVE ASSISTED IN THAT TRANSITION WITHOUT A FIGHT , BUT THAT DIDN'T HAPPEN.

MR BOYAJIAN DESCRIBES ONE OF MR SWEETS FORMER BUSINESS PARTNERS, COTE, THE ONE HE REPRESENTED AS AN INDIVIDUAL WHO IS BOTH PHYSICALLY AND MENTALLY IMPAIRED. THIS IS THE SAME MR COTE THAT WORKED FOR ELECTRIC BOAT FOR 20 PLUS YEARS, BOUGHT HIS OWN RESIDENCE, BOUGHT ANOTHER APARTMENT HOUSE AND OWNED A BEACH HOUSE AND RENTED ALL OF THEM TO THE PUBLIC AT A PROFIT BEFORE HE HAD ANY AFFILIATION WITH ME. MR COTE MAY HAVE LOOKED LIKE A FRAGILE OLD MAN, BUT HE WAS APROX 50 YEARS OLD , BUT HE WAS CUNNING ENOUGH TO BEAT THE IRS, MAKE A FOOL OF MR BOYAJIAN AND THE BANKRUPTCY COURT JUDGE IN FRONT OF THEIR COLLEGUES WITH HIS PERPETUATED LIES.

AGAIN TODAY , AGAIN MR BOYAJIAN INSTEAD OF LIVING WITH THE FACT HE WAS MADE A FOOL AT COURT AND HIS COLLEGUES AND WAS WRONGED BY HIS CLIENT HE DECIDED TO THROW OUT THE OLD TWISTED RESPONSE AND INACCURATE FALSE ALLEGATIONS OF COTE AS HIS EXCUSE FOR FIGHTING ME. AND FOR THE RECORD THERE WAS A RESTRAINING ORDER GRANTED BY JUDGE VOTOLOTO IN THE ADVERSARY, HOWEVER NOT FOR ANY ASSAULT TO "KEEP THE STATUS QUO" AS REFLECTED IN THAT COURT DOCKET AP 96-11289-4-96, THE TRUSTEES RECOLLECTION IS WRONG AGAIN.

THE CASE LAW AS PROVIDED BY MR BOYAJIAN IS AN UNACCEPTABLE ARGUMENT IN THAT THE UNDERLYING ISSUES WHICH BOUGHT THE DEBTOR HERE BY THE TRUSTEE AND CONFLICTS WITH THE TRUSTEE WHICH FOSTERED THE DESTRUCTION OF THE DEBTORS ASSETTS WERE NOT FACTORS IN THE BARRING OF THOSE CASES UNLIKE THE INSTANT CASE BETWEEN MR BOYAJIAN AND MR SWEET.

MR SWWET UTILIZED THE BANKRUPTCY COURT FOR THE EXACT PURPOSE IT WAS CREATED , TO STOP CREDITORS AND UNLAWFUL ACTIONS PERPETRATED AGAINST AN INDIVIDUAL OR A BUSINESS.
NOT ONE LEGITIMATE CREDITOR WAS WIPED OUT , MR SWEET AFTER THE NUMEROUS ASSAULTS COULD HAVE SIMPLY TUNED A CHAPTER 7, WIPED EVERYBODY OUT AND START FRESH. BUT HE DIDN'T , HE STAYED HE FOUGHT THE FALSE ALLEGATIONS PREVAILED ON ALL THE MATERS AND PAID ALL CREDITORS.

THE DEBTOR WOULD ALSO ADD, MR BOYAJIAN DOES NOT EVEN DENIE THE NUMEROUS SERIOUS ALLEGATIONS PUT FORTH ABOUT HIMSELF OR THE COTE ISSUES, JUST THAT THE COTE MAN IS BASICALLY RETARDED.AS IN THE PAST JUST TO CLOUD THE REAL ISSUES.ALL OF THSE ISSUES ARE

"RES JUDICATA" THE DEBTOR DID NOTHING WRONG AND THE FINDINGS SUPPORTED SWEETS VINDICATION.

**DISPUTED BOYAJIAN FACTS**

BECAUSE OF THE COMPLEXITY OF THE YEARS OF FALSE AND MISLEADING INFORMATION PERPETUATED BY BOYAJIAN AND OTHERS IN THE BANKRUPTCY COURT IT IS IMPORTANT THAT THE ACCURATE FACTS OF THE JUNE 29, 2005 FILING BE PROPERLY REPRESENTED BEFORE THIS COURT, THE CREDITOR "MERS" WAS THE SERVICER OF THE MORTGAGE ON THE FAMILY HOME. STARTING ABOUT 3 YEARS AGO THEY ATTEMPTED A FORCLOSURE BUT WOULD NOT SUBSTANTIATE THE OVER CHARGING AND GOUGING OF NUMEROUS ITEMS IN THERE BILLINGS OF THOUSANDS OF DOLLARS IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA). THERE HAS SINCE BEEN A MASSIVE ACTION FILED BY THE DEBTORS COUNCIL MR FREDERICK COSTELLO ESQ. IN A CIVAL ACTION IN SUPERIOR COURT TO UNDO THOSE DAMAGES AND TO BRING THEM TO JUSTICE FOR THE ILLEGAL SALE AND VIOLATIONS OF THE FDCPA, THAT INCLUDE COUNTS OF VIOLATIONS OF THE FDCPA, FRAUD, BREACH OF CONTRACT, CONVERSION OF FUNDS, EMOTIONAL DISTRESS, RECISSION. STILL PENDING.

1) JUNE 15, 2004 REQUEST FOR FILING, APROX AN HOUR BEFORE A SALE REGUARDLESS OF NOTICE TO "MERS" WAS SOLD TO "RICCI" ON THAT SAME DAY THE COURT CALLED AND A HEARING WAS IMMEDIATELY SCHEDUALED FOR THE NEXT DAY, JUNE 16, 2004. COPY ATTACHED IN THE DESIGNATION OF CONTENTS(DOC) EX #1
2) JUNE 16, 2004 AFTER HEARING COURT GRANTED THAT REQUEST FOR FILING
3) JUNE 17, 204 , ONLY AFTER RELIF BEING GRANTED, THE JUDGE ORDERED THAT DEBTORS COUNCIL FILE A NECESSARY MOTION TO VACATE AN ILL-GOTTEN IN REM ORDER PREVIOUSLY GRANTED IN AUGUST OF 2003.*THAT IN REM RELIEF WAS SUBMITTED AND GRANTED IN OPEN COURT WITHOUT A FULL HEARING ON THE MERITS BY "MERS", WITHOUT PROPER NOTICE ON THE DEBTOR AS PROVIDED IN RULE 9071-1(a) (b) IN OPEN COURT IN VIOLATIONS OF LBR 4001 e (6) LBR 3012-1 VIOLATIONS OF RULE 10 OF CIVAL PROCEDURE WITH NO NOTICE ON THE CO-OWNER OF THE PROPERTY, THE DEBTOR FILED MOTIONS TO VACATE AND OBJECTIONS TO THE LANGUAGE OF THAT IN REM ORDER, HOWEVER THE BK COURT AGAIN SIMPLY DENIED THOSE MOTIONS AGAIN WITHOUT A HEARING, THE DEBTOR WAS ILL AT THE TIME AND HASN'T FINISHED WITH THAT ISSUE YET.
4) ON JUNE 23,2004 A CONCENT AGREEMENT WAS ESTABLISHED BETWEEN "MERS", SWEET AND THE SO- CALLED BUYER "RICCI", IT WAS TO BE FILED ON JUNE 30, 2004 , JUDGMENT AND THAT CONSENT

ORDER ARE ATTACHED IN BOYAJIANS BRIEF EX C.*THAT CONCENT ORDER ;PARAGRAPH 1-5 CLEARLY IS AN AGREEMENT BETWEEN "MERS' AND "RICCI" THE SO-CALLED PURCHASER AT THE ILLEGAL SALE OF JUNE 15, 2004, ON HOW THEY COULD CONSUMATE THAT SALE IF THE DEBTOR S PETITION FAILED. PARAGRAPH 5 ALSO ALLOWS THEM TO CONSUMATE THAT SALE TO RICCI UPON <u>THE FILING OF AN AFIDAVITT OF NON-COMPLIANCE AND IF THAT NOTICE WAS UNCNTESTED THEY WOULD BE ENTITLED TO CONSUMATE SALE TO RICCI BY AUGUST 25, 2004OR RICCI AND MERS COULD SEEK EXTENSIONSOF THE SALE.</u> NNEEDLESS TO SAY THE SALE WAS ILLEGAL AND MR RICCI LEFT WITH HIS DEPOSIT, NO AFFIDAVITT OF NON COMPLIANCE WAS EVER FILED AND NO EXTENSIONS WERE EVER REQUESTED BY MERS OR RICCI.THAT SALE WAS NOT CONSUMATED.PARGRAPH 6-7 AR DIRECTED TO THE DEBTOR AND HIS RESPONSIBILITY THE AMOUNT OF THE POST PETITION PAYMENT AND WHERE TO SEND THE PAYMENT.PARAGRAPH 8 DIRECTS MERS, GRANTED RELIEF FROM THE STAY BUT WILL NOT TAKE ACTION AS LONG AS THE DEBTOR REMAINS IN COMPLIANCE WITH THE CONCENT ORDER, OR UNTILL CASE IS DISMISSED OR TERMINATED AND THAT "TO THE EXTENT 3,4,5 ARE INCONSISTANT WITH THE TERMS OF PARAGRAPH 8, PARAGRAPH 3,4,5 WILL CONTROL. AGAIN 3&4 ARE ABOUT MERS AND RICCI AND PARGRAPH 5 STATES .... WASHINGTON MUTAL BANK "MERS" SHOULD FILE AN AFFIDAVITT OF NON COMPLIANCE WITH THE COURT THAT REMAINS *UNCONTESTED* FOR 5 DAYS (EMPHISIS ADDED) THEN THEY ARE ENTITLED TO CONSUMATE THAT SALE OF JUNE 15, 2004. BUT THERE WAS NO AFFIDAVITT OF NON COMPLIANCE EVER FILED BY MERS, THAT SALE WAS NOT CONSUMATED INFACT RICCI WAS REFUNDED HIS DEPOSIT ON THIS PROPERTY WHICH BASICALLY *NULLIFIED* PARAGRAPHS 1,2,3,4,5. THE DEBTOR STILL MAINTAINED HIS TIMELY PAYMENTS TO MERSTHROUGH FEBRUARY 2005, WHEN THAT PAYMENT WAS RETURNED BECAUSE THEY CALLED THE NOTE. WHICH I BELIEVE VIOLATED THE SPIRIT OF THAT CONSENT ORDER OF PARAGRAPH # 9FURTHER CONDITIONED, THAT "IN THE EVENT THE DEBTOR BECOMES MORE THAN 10 DAYS DELINQUENT WITH ANY POST PETTITION PAYMENTS DUE UNDER THE TEMS OF THE NOTE AND MORTGAGE , UPON 5 DAYS WRITTEN NOTICE TO THE DEBTORS ATTORNEY AND A COPY TO DEBTOR , WASHINGTON MUTUAL MAY FILE AN AFFIDAVITT OF NONCOMPLIANCE WITH THE COURT WHEREUPON MERS, ITS SUCCESSERS OR ASSIGNS MAY RESUME THE FORECLOSURE PROCESS.(EMPHISIS ADDED). HOWEVER MERS NOR WASHINGTON *MUTUAL* EVER FILED AN AFFIDAVITT OF NONCOMPLIANCE WITH ANY COURT, PERIOD. IN FACT SWEET CONTINUED HIS PAYMENT AS PROVIDED IN PARAGRAPH 6&7 ON TIME ONLY TO BE RETURNED BY THE BANK.

5) MR BOYAJIAN FALSLY STATES IN HIS BRIEF IN THE INSTANT CASE PAGE 7 "MR SWEET ENTERED INTO A CONSENT ORDER ON JULY 28, 2004 BARRING HIM FROM FILING A NEW PETITION AND OBTAINING THE AUTOMATIC STAY WITH RESPECT TO THE PROPERTY IN QUESTION"...
MR BOYAJIAN AGAIN MAKING FALSE REPRESENTATIONS AND ATTEMPTING TO MISLEAD THIS COURT, NO WHERE DOES SWEET EVEN CONCUR TO THE ILLEGAL BARRING OF HIMSELF NOR IS THE WORD BARRING EVER MENTIONED IN THAT ORDER, NOR IS THERE ANY LANGUAGE NEAR THE STATEMENT THAT HE WOULD NOT BE ABLE TO REQUEST ANOTHER FILING AND OBTAIN THE AUTOMATIC STAY, IN FACT TO THE CONTRARY OF MR BOYAJIANS UNDERSTANDING AND FALSE STATEMENT, THIS CONSENT ORDER STANDS TO SHOW THAT MR SWEET CAN FILE A REQUEST AND GET IT GRANTED , CAN RECEIVE THE AUTOMIC STAY AND DID VACATE THAT ILLGOTTEN "IN REM" ORDER OF AUGUST 2003. ALL OF WHICH HE BASIS HIS ARGUMENT ON, IN FACT IF THE COURT WOULD REVIEW THE CONCENT ORDER AND MY BREAKDOW ONE WILL SEE MY DEPICTION IS ACCURATE AND MR BOYAJIANS IS UNTRUE.

THE PRESENT PETITIONREQUEST

IS ACCURATE DEPICTED IN THE DEBTORS BRIFF FILED IN THIS APPEAL AND SUPPORTED BY THE DEBTORS AMENDED DESIGNATION OF CONTENTS.

THE HEARING ON REQUEST FOR FILIN "JULY 21, 2005

6) EVEN THOUGH THE DEBTOR WAS NOT PRESENT EVEN THOUGH THE COURT WAS NOTICED THE HEARING WENT FORWARD ANYHOW. A COPY OF THAT TRANSCRIPT IS ATTACHED IN THE DEBTORS AMENDED DESIGNATION OF CONTENTS # 11.
7) *MS GOLDMAN, FOR MERS,* REPRESENTED THERE IS A CONSENT ORDER OF JULY 04 THAT GAVE MERS IN REM RELIEF TO FORE CLOSE THE PROPERTY , AND THE FORCLOSURE OCCURE,ON JUNE 29, 2005 THE SAME DAY SWEET FILED FOR PROTECTION. SWEET IS NOT HERE AND ASKED TO DENIE THAT FILING AND AN ORDER BE ISSUED TO ALLOWTHE SALE TO BE RECORDED.—FIRST PROBLEM AS DESCRIBED PREVIOUSLY THAT CONSENT ORDER DID NOT ALLOW FOR MERS OR ANY BODY ILEGAL COLLECTION PROCESS TO PERFORM AN ILLEGAL FORCLOSUE SALE DUE TO VIOLATIONS OF THE "FDCPA". THAT CONSENT ORDER WAS TO VACATE THAT ILL-GOTTEN IN REM RELIEF AND ALLOW MERS AND RICCI TO CONSUMATE THEIR SALE AT A LATER DATE...ETC.THAT SALE IS

DEAD AND THE CONSENT ORDER PERTAINING TO MERS RICCI AND SWEET IS NOW MOOT SINCE THE DISMISSAL OF THAT 04 FILING.AND THE IN REM ORDER CAN BE VACATED.

8) *MR BOYAJIAN TRUSTEE,* NOW INFORMS THE COURT THAT THERE IS AN OBJECTION FILED BY SWEET TO THE MOTION FOR THE EXPEDITED HEARING OF MERSAND NOTICE THAT SWEET WAS OUT OF THE COUNTR FROM JULY 16, 2005 THROUGH JULY 23, 2005. MR BOYAJIAN AT A LOSS FOR WORDS SIMPLY TELLS THE JUDGE THAT ENTAINING MERS MOTION FOR RELIEF FROM STAY IS PREMATURE (MOOT) THE FILING WAS NOT GRANTED YET.
9) *MR DONAHUE,TRUSTEE,* GIVES HIS TWIST ALSO, MR DONAHUE BOLDLY STATES " THE CONSENT ORDER OF JULY 28, 2004 ESTOPS HIM FROM FILING AND GETTING THE AUTOMATIC STAY" PAGE 5 LINE 19 & 20. THERE IS ABSOLUTLY NO LANGUAGE IN THAT ORDER THAT ESTOPS THE DEBTOR FROM REQUESTING A FILING FOR PROTECTION OR FROM SEEKING LEGITIMATE PROTECTION OF THE BANKRUPTCY COURT AUTOMATIC STAY.THE COURT STRIPED THE DEBTOR OF THE AUTOMATIC STAY IN AND FILING IN 2003. BUT LATER STATING HES NOT BARRED HE SIMPLY HAS TO REQUEST PERMISSION, NOW THEY SAY IM ESTOPED FROM FILING AND GETTING THE AUTOMATIC STAY. THE DEBTOR HAS THE RIGHT TO FILE FOR PROTECTION OF THE BANKRUPTCY COURT AND THE AUTOMATIC STAY, AND WAS ORDERED TO ASK FIRST , HES DONE THAT, AND WASN'T HEARD. MR DONAHUE HIT THE NAIL ON THE HEAD "MR SWEET NEEDS TO COME FOREWARD AND SHOW LIKLIHOOD OF SUCCES ON THE MERITS " MR SWEET WAS NOT AFORDED THAT OPPORTUNITY BY THE WAY NOTICES WERE BEING HANDLED BY THE COURT.THE LIKLIHOOD OF SUCCESS IS IN THE 04 REQUEST THIS IS THE SAME CREDITOR SAME ISSUES. MR SWEET WAS NOT NOTICED, HE WAS OUT OF THE COUNTRY WHEN THE NOTICE OF HEARING WAS EVEN MAILED TO HIM AND DID NOT RETURN TILL 2 DAYS AFTER THE HEARING., HE WASN'T ALLOWED TO BE HEARD, IT'S A PRIMA FACIA MATTER.

*LAST FOOT NOTE OF BOYAJIAN*, RE STAMPS AND MAILINGS THAT IS ANOTHER TACTIC BY BOYAJIAN TO CLOUD THE REAL ISSUES. THE NOTICES WERE MAILED THROUGH THE US POST OFFICE AND THE STAMP ON THE FILING WAS DONE AT THE BANKRUPTCY COURT, IF THERE WAS TAMPERING AT THE BANKRUPTCY COURT OF THE MAIL AND FILING I WOULD EXPECT THE COURT SHOULD ADDRESS THOSE ISSUES AND CRIMINALLY CHARGE THOSE INDIVIDUALS.

*CONCLUSSION*

MR BOYAJIANS WEIGHT OF THE ISSUES HAVE NO WEIGHT AT ALL, THIS WAS AN EXPARTE HEARING ON A BANKRUPTCY PETITION, WHICH I

DON'T BELIEVE THE JUDGE HAD THE AUTHORITY TO DISMISS WITHOUT PROPER HEARING AND NOTICE OF THE DEBTOR, WHICH CAUSED THE DEFAULT ORDER BEING MADE AND THE MERITS HEARD WERE ONE SIDED AGAIN BECAUSE OF THE NOTICE OF THE DEBTOR EVEN THOUGH THE COURT NEW I WASN'T NOTICED OF THE HEARING.

FOR THE REASONS SET FORTH ABOVE AND THE DEBTORS BRIEF PREVIOUSLY FILED THE DEBTOR PRAYS THAT HI APPEAL BE GRANTED FORTHWITH.

JUNE 5, 2006

RESPECTFULLY SUBMITTED,

KEVIN E SWEET

CERTIFICATION, IPLACED IN REG US MAIL A COPY OF THE WITHIN TO BOYAJIAN 182 WATERMAN AVE PROVIDENCE RI 02906 AND THE US TRUSTEE 10 DORRANCE ST PROVIDENCE RI 02903